ISAAC LASCHEAR

*v.*

OTHO WHITE.

GARNISHMENT—*answer denying indebtedness must be disproved.* Where a garnishee answers, denying his indebtedness to the defendant in attachment, if the answer is not disproved he should be discharged.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. W. LANGLEY, for the appellant.

Mr. J. C. CUNNINGHAM, for the appellee.

Per CURIAM: This was a proceeding by garnishment, against appellant, as a supposed debtor of Otho White, against whom and one John S. McKinney a judgment in a suit in assumpsit was rendered, and, in an attachment sued out in aid of that suit, appellant was summoned as a garnishee of White. Upon a trial, before a jury, of an issue formed upon the garnishee's answer as to the question of his indebtedness, he was found to be indebted in the sum of $359.21, and judgment was rendered against him accordingly, and he appealed.

We are of opinion that the finding of the jury was against the clear weight of evidence.

The question in the case was, whether the indebtedness was owing to Otho White, or to his father, Isaac White, it arising under a contract, in writing, made between Otho White and Laschear, the garnishee, September 28, 1875, signed by them by their individual names simply, whereby Otho White purported to sell to Laschear a certain eighty acres of land for $2000—$75 of it paid in hand and $300 to be paid October 22, 1875, the rest of the purchase money being incumbrances on the land, assumed; and on payment of the $300, October 22, 1875, Otho White was to make to Laschear a warranty deed of the land. The garnishee stated, in his answer, that, at the time of the making of the contract, Otho White informed him that Isaac White was his father, and resided in Indiana, and, in fact, owned the land; that he was the agent of Isaac White for the sale of the land, and the contract was made with that understanding, and that Otho White directed him to pay the money for the land to Isaac White; and that he left all the money remaining due upon the land in the hands of one McKinley to pay over to Isaac White when the title should be perfected and the deed made, not stating the time of this, whether before or after the service of the garnishee summons, on the 22d of October, 1875. There was some difficulty in perfecting the deed, and Laschear finally got his deed for the land, from Isaac White, in November, 1875.

It was in evidence that Otho White bought the eighty acres of land, and lived upon it when the contract was made; and a warranty deed of forty acres of the land, from Otho White to Isaac White, of the date of October 12, 1875, was given in evidence. John S. McKinney testified that, on the day of the service of the garnishee summons, and just after the service, Laschear told him that he had bought the White land; that, by assuming a mortgage on the land, and paying off some other liens, there would remain due to Otho White about $500; that, some two weeks afterward, he had another conversation with Laschear, in one McKinley's office, in which

Laschear said that, after paying off the claims against the land, there was a balance due on the land, in McKinley's hands, of about $400, to be paid when "the garnishee was fixed."

In answer to the testimony of McKinney, Laschear testified, denying that he told McKinney there would be a balance due Otho White—that Otho White's name was not mentioned in the conversation; and, as to the conversation in McKinley's office, that he was then ready to pay over the money, on the deed, to McKinley, who was to receive the deed for him and send Isaac White his money; that a deed from Isaac White to him was not properly executed, and had to be returned to White for correction, and that he left the money with McKinley to pay over when the deed came to him all right. The form of denial of indebtedness, in the answer of the garnishee, was, that he was not indebted to the defendant in attachment, that he was aware of. This was the evidence.

We think that, upon the facts stated in his answer, the garnishee was not chargeable. Where that is the case, and the answer is not disproved, the garnishee should be discharged. *Illinois Central Railroad Co.* v. *Cobb*, 48 Ill. 402. The evidence, in our opinion, failed to disprove the answer.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*