THE NEWARK FIRE INSURANCE COMPANY

*v.*

THOMAS J. SAMMONS *et al.*

*Filed at Ottawa May 19, 1884.*

1. EVIDENCE—*on the question of the delivery of policy of insurance and payment of premium.* In a suit upon a policy of insurance against loss by fire, the insurance company attempted to prove that the policy was canceled before the loss, and that no payment had been made for the policy. The plaintiffs called as a witness one of a firm of insurance brokers, who testified that he delivered the policy to the plaintiffs, and that they paid him the premium. There was evidence tending to show that the broker firm had authority to receive the premium, from the agents of the company: *Held,* that proof of the delivery of the policy, and of all the facts and circumstances in connection with the payment, was proper for the jury.

2. SAME—*as to want of notice of cancellation of policy of insurance.* On a question of notice of the cancellation of a policy of insurance prior to a loss, the insurance company claiming notice to have been given to the agents of the assured, there is no error in allowing the assured to prove that he had received no notice of such cancellation. In such case it is proper to show that the assured had received no such notice, as well as to prove that the agents had no notice.

3. AGENCY—*insurance agent—in whose behalf to be considered as acting.* A clause in an insurance policy that if a broker obtains the policy he shall be taken as the agent of the assured in any transaction relating to the insurance, can not overcome the fact that the broker may have acted as agent of the insurance company in some matter connected with the policy,—as, delivering the same, and collecting the premium.

4. INSURANCE—*what is a cancellation of policy.* A mere notice of an intention to cancel a policy of insurance is not a cancellation. The mere intention of an insurer to cancel such policy can have no effect upon the contract of insurance until carried into execution.

5. APPEAL—*reviewing controverted questions of fact.* The judgment of the Appellate Court upon all controverted questions of fact in an ordinary action, as, upon an insurance policy for a loss, is final, and not subject to review in this court.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. HORTON, HOYNE & SAUNDERS, for the appellant:

Ryan & Co. having procured the policy, by the clause therein were made the agents of the assured "in any transaction relating to the insurance," and notice to them was sufficient. *Millville Ins. Co.* v. *Collerd*, 9 Vroom, (38 N. J.) 486; *Wood* v. *Fireman's Ins. Co.* 126 Mass. 319; *Hartford Fire Ins. Co.* v. *Reynolds*, 36 Mich. 506.

Ryan & Co. were in no sense agents of the insurance company, not having been employed by it to solicit insurance. *Ben Franklin Ins. Co.* v. *Weary*, 4 Bradw. 78; *Lycoming Fire Ins. Co.* v. *Rubin*, 79 Ill. 402.

The company was justified in regarding Ryan & Co. as clothed with full authority to act for the assured in procuring, modifying or cancelling the policy, and their acts in respect to the policy were the same as if done by the assured. *Standard Oil Co.* v. *Triumph Ins. Co.* 64 N. Y. 89. See, also, *Rohrback* v. *Germania Ins. Co.* 62 N. Y. 62; *Xemas* v. *Wickham*, 106 Eng. C. L. 390; *Anderson* v. *Coonley*, 21 Wend. 280.

Messrs. Lyman & Jackson, for the appellees:

No act of appellant by making any entry in its own books, or conversations of its employees among themselves in its own office, had any effect on the policy. *Rockford Ins. Co.* v. *Nelson*, 65 Ill. 423.

A mere notice of a desire or intention to cancel a policy is not a cancellation.

Notwithstanding the clause making Ryan & Co. agents for the assured, they, in some matters, may have been the agents of the insurer. *Union Ins. Co.* v. *Chipp*, 93 Ill. 96; *Commercial Ins. Co.* v. *Ives*, 56 id. 404.

The policy having been delivered by Barnett & Co. to Ryan & Co. for delivery to appellees, and it having been delivered to them without notice of cancellation, there must have been a tender of the unearned premium before the policy could be canceled. *Ætna Ins. Co.* v. *Maguire*, 51 Ill. 342; *Peoria Marine and Fire Ins. Co.* v. *Botto*, 47 id. 516.

The fact that a note is given for the premium does not absolve the insurers from refunding in money the unearned premium. *Home Ins. Co.* v. *Curtis*, 5 Ins. Jour. 120; *Wood* v. *Fire Ins. Co.* id. 120.

The policy delivered to appellees contained a receipt for payment, and appellant can not, under the circumstances, contradict it. *Grit* v. *National Ins. Co.* 25 Barb. 189; *New York Central Ins. Co.* v. *National Ins. Co.* 20 id. 486; 3 Kent's Com. 260; *Illinois Central Ins. Co.* v. *Wolf*, 37 Ill. 354.

Mr. Justice Craig delivered the opinion of the Court:

This was an action on a policy of insurance, brought by appellees, to whom the policy was issued and delivered, against the Newark Fire Insurance Company. The policy was dated December 23, 1880, and is in the usual form, and contains, among other conditions, the following:

"1. If any broker, or other person than the assured, has procured this policy, or any renewal thereof, or any indorsement thereon, he shall be deemed to be the agent of the assured, and not of this company, in any transaction relating to the insurance.

"2. This insurance may be terminated at any time by request of the assured, or by the company, on giving notice to that effect. On surrender of the policy, the company shall refund any premium that may have been paid, reserving the usual short rates in the first case, and *pro rata* rates in the other case."

Ryan & Co., insurance agents in Chicago, obtained the policy for appellees, and the defence interposed by the insurance company was, that the policy had been canceled prior to the loss, by virtue of a notice given Ryan & Co. A trial of the cause in the Superior Court resulted in a verdict and judgment in favor of appellees for the amount of the loss. On appeal to the Appellate Court the judgment was affirmed.

It is not claimed that appellees were ever notified that the insurance company had elected to cancel the policy, but it is claimed that Ryan & Co. were notified by appellant that the policy was canceled, and that notice to them was notice to appellees. Whether Ryan & Co. were notified by appellant that the policy was canceled, was a question of fact for the jury, upon which the evidence was conflicting. The jury found the fact against appellant, and that finding was affirmed in the Appellate Court, and under our Practice act it is not subject to review here. It will therefore only be necessary to inquire whether the ruling of the Superior Court is correct upon the admission of evidence and the instructions to the jury.

On the trial, Kennedy, of the firm of Ryan & Co., testified that he delivered the policy to appellees, and that they paid him the premium, and the admission of this evidence is

claimed to be erroneous. The appellant had attempted to prove that the policy was canceled, and that no payment had been made for the policy. What objection there could be to proof of the delivery of the policy to appellees we do not perceive, and if Ryan & Co. were authorized to receive pay for the policy for Barnett & Co., (the agents of appellant,) which the evidence tends to show they were, all the facts and circumstances in connection with the payment were proper for the consideration of the jury.

Objection was also made to the admission of evidence that appellees had received no notice of the cancellation of the policy, but we perceive no valid objection to the admission of this evidence. Whether notice had been given appellees of the cancellation of the policy, was one of the vital questions at issue, and it was proper to show that appellees themselves had received no such notice, as well as to prove that Ryan & Co., who appellant claimed were the agents of appellees, had no notice.

The third instruction in the series given for appellees is claimed to be misleading and erroneous. It is as follows :

"The jury are also instructed, as a question of law, that it does not follow that because persons may be agents for an insurance company, they may not at the same time be brokers in the procuring insurance policies from other insurance companies ; and although the jury may believe, from the evidence, that Ryan & Co. were agents for insurance companies other than the defendant, yet as to the procuring of the policy in question they may have been brokers and agents of the plaintiffs for the purpose of procuring said insurance, but as to delivering the policy and collecting the premium they may have been the agents of the defendant."

It is said that the clause in the policy of insurance constituted Ryan & Co. agents of appellees in all matters in relation to the insurance, which is ignored by the instruction.

It is true that a clause in the policy declares that where a broker obtains the policy, as was the case here, he shall be deemed to be the agent of the assured in any transaction relating to the insurance; but a clause of this character can not overcome the fact that the brokers may have acted as agents of the company in some matter in connection with the policy, if such is the fact, as has been held by this court in *Commercial Ins. Co.* v. *Ives*, 56 Ill. 406, and *Union Ins. Co.* v. *Chipp*, 93 id. 100. Under these authorities the instruction was correct.

Exception was also taken to the fifth and sixth instructions given for plaintiff, but we perceive no substantial objection to them. The first one merely declares that if a policy issued December 23, 1880, insuring certain property for one year, and on January 28, 1881, the property was destroyed by fire, the jury will find for plaintiff, unless they shall find, from the evidence, the policy was canceled before the fire. It has been suggested that the jury might conclude, from the instruction, that a policy of insurance could not be canceled unless it was actually surrendered, and marked "canceled;" but no intelligent jury would be likely to arrive at such a conclusion. As to the other instruction, it only declares that a mere notice of an intention to cancel a policy of insurance, and nothing more, is not a cancellation of a policy. This could not mislead, and under the testimony before the jury it was proper. The intention of the insurer to cancel a policy could surely have no effect upon the contract of insurance until carried into execution,—and such is the doctrine of the instructions.

We have not discussed the question attempted to be raised in the argument, whether notice of cancellation given to Ryan & Co. is notice to appellees, as that question, so far as the decision of this case is concerned, is not material. As disclosed by this record, the controversy before the jury was whether a notice of cancellation had been given. That was

a pure question of fact, upon which evidence was introduced by both parties, and the jury, by the verdict, found against appellant,—that no notice of cancellation had been given. That finding was affirmed in the Appellate Court, and the judgment of that court is conclusive here, upon that branch of the case. There is, therefore, no necessity of entering upon the discussion of the legal effect of a notice of cancellation served on the agents, because that question does not properly arise on the record. As the case stands here no notice whatever was served.

Counsel for appellant have urged, seemingly with much confidence, that a notice of cancellation was served by appellant on Ryan & Co., and that the facts upon that question are not controverted. In this they have misapprehended the real condition of the record. There was evidence before the jury tending to prove that appellant had not notified Ryan & Co. of the cancellation of the policy,—and that testimony, in connection with the evidence introduced by appellees, although it may have been slight, rendered the facts controverted. It may be that the evidence upon that question preponderated in favor of appellant. It may be that the verdict of the jury on that point was contrary to the weight of the evidence, and should have been set aside by the trial court, and perhaps the judgment of the circuit court ought to have been reversed in the Appellate Court, on the ground that the evidence upon the question of notice preponderated in appellant's favor; but be that as it may, under the statute the judgment of the Appellate Court upon such a question is final, and not subject to review here.

As no substantial error appears in the record, the judgment will be affirmed.

*Judgment affirmed.*