JAMES H. PAYNE

*v.*

THE CHICAGO, ROCK ISLAND AND PACIFIC RY. CO. *et al.*

.170   607
198   ²614

*Opinion filed December 22, 1897.*

1. GARNISHMENT—*amount involved is the amount of principal debtor's claim against garnishee.* The amount involved in a garnishment proceeding, as affecting the right of appeal, is the amount of the debt owing by the garnishee to the principal debtor, and not the amount owed by the latter to the judgment or attaching creditor.

2. SAME—*garnishment proceeding against several garnishees is distinct as to each.* A garnishment proceeding against several garnishees is separate and distinct against each, the liability, if any, being separate, and neither can be made liable for the amount of any judgment which may be rendered against the other.

3. SAME—*appeal must be dismissed if amount claimed from garnishee is less than $1000.* In the absence of a certificate of importance an appeal in a garnishment proceeding must be dismissed by the Supreme Court where the amount claimed to be owing from the garnishee to the principal debtor is less than $1000.

*Payne* v. *C., R. I. & P. Ry. Co.* 69 Ill. App. 38, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

JONES, CULVER & JONES, for appellant.

WALTER W. ROSS, (ROBERT MATHER, and W. T. RANKIN, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant obtained a judgment in the circuit court of Cook county for the sum of $1687.20 in an action of debt, in aid of which action a writ of attachment had been issued and the appellees summoned as garnishees. By their separate answers the garnishees denied, under oath, that they had any money or property of the principal defend-

ant, James E. Lee, in their possession, and denied all liability as garnishees. Appellant did not traverse the answers, as he was permitted by the statute to do, but there was a trial before a jury, at which the court directed a verdict for appellees and entered a judgment on such verdict. The case was removed to the Appellate Court, where the judgment was affirmed, and appellant has prosecuted this further appeal.

A motion to dismiss the appeal has been made by appellees on the ground that the amount involved is less than $1000. The demand against James E. Lee and the judgment recovered against him were in excess of that sum, and appellant claims that this fixes the amount involved as against the garnishees. But this is incorrect. The garnishment is a proceeding in which the law permits appellant to use the name of his debtor, Lee, to recover for his use from the garnishees such demands as Lee has. The judgment in such cases is in favor of the principal defendant, for the use of the plaintiff, against the garnishee, and the amount involved in the garnishment is to be determined as between them. The direction of the creditor to summon a person as garnishee in an attachment does not indicate or determine the amount or nature of the claim against such garnishee, and there is nothing in the pleadings in this case to show the extent of appellee's claim. The answers were to be taken as true and the garnishees discharged, unless they were excepted to or traversed as provided in the statute. (*Illinois Central Railroad Co.* v. *Cobb,* 48 Ill. 402; 1 Shinn's Pl. & Pr. secs. 369, 372; 1 Ency. of Pl. & Pr. 842.) Appellant did not take issue on the answers, but the parties proceeded to a trial before a jury and witnesses were examined as to whether the garnishees were indebted to Lee or had any money or property belonging to him in their possession. The amount involved must therefore be determined from the evidence. *Brant* v. *Gallup,* 111 Ill. 487; *Lake Erie and Western Railroad Co.* v. *Faught,* 129 id. 257.

The proceeding against the appellees was separate and distinct as to each. It was attempted to enforce a separate and distinct liability against the railway company and against the other garnishees. As to the railway company the controversy was limited to a less sum than $1000. If judgment had been entered against the company it must have been less than that amount under any claim made or evidence introduced by appellant, and such judgment must have been several against it. The proceeding against each of the garnishees was an independent suit against such garnishees where the liability, if any, was separate, and neither could be made liable for the amount of any judgment which might be rendered against the other. The motion must therefore be sustained as to the appellee the Chicago, Rock Island and Pacific Railway Company, and the appeal is dismissed as to it. (*Farwell* v. *Becker*, 129 Ill. 261). The controversy as to the other appellees seems to have related to the ownership of the proceeds of four car-loads of cattle shipped from Letts, Iowa, to Alexander, Ward & Conover, at Chicago, amounting to $2712.44, and as to said appellees the motion is overruled.

The court having directed a verdict for appellees, the question presented here is whether there was any evidence fairly tending to overcome the answers. The burden of proof was upon appellant, and if the evidence did not tend to disprove the answers the direction was proper. (*Kergin* v. *Dawson*, 1 Gilm. 86; *Laschear* v. *White*, 88 Ill. 43; *Cairo and St. Louis Railroad Co.* v. *Killenberg*, 92 id. 142.) On that question we agree with the Appellate Court, that "the record fails to show any evidence that the garnishees were indebted in any sum to the principal defendant, Lee," and also with the circuit court, which gave the direction to the jury.

The judgment of the Appellate Court in favor of the appellees, except the Chicago, Rock Island and Pacific Railway Company, as to which we have dismissed the appeal, will be affirmed.   *Judgment affirmed.*