## DETERMINED IN THE

## FIRST DISTRICT

### OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1913.

---

Kathleen V. McNellis, Defendant in Error, v. Aetna Insurance Company, Plaintiff in Error.

Gen. No. 17,591.

1. INSURANCE—*interest.* Interest may be recovered on an amount found due on a policy of insurance though not specifically claimed in the declaration.

2. APPEALS AND ERRORS—*variance between claim and judgment.* Where judgment was rendered for the amount of an insurance policy and interest, though no interest was claimed, an objection on the ground of variance between the judgment and the claim cannot be made in the appellate court where it does not appear that such objection was made in the trial court.

3. INSURANCE—*when admitted that policy is in force.* The fact that an attempt was made by an insurance company to cancel a policy is an admission that the policy was in force at the time of such attempt.

4. EVIDENCE—*when exclusion of notice to cancel insurance policy proper.* In an action on an insurance policy it is not error to exclude a notice that the policy would be canceled for nonpayment of premiums, where the policy provides that it may be canceled by the company by giving five days' notice and that in matters relating to the insurance no person shall be deemed the agent of the company unless duly authorized in writing, when no attempt is made to show that the alleged agent who served such notice had such written authority.

5. EVIDENCE—*exclusion of question calling for conclusion.* Where action is brought on an insurance policy which provides that in matters relating to the insurance no person shall be deemed the agent of the company unless duly authorized in writing, it is not error to sustain an objection to a question put to an agent of the company as to whether an alleged agent who served notice that the policy would be canceled had authority to serve such notices.

6. INSURANCE—*notice of cancellation.* A notice to a holder of

an insurance policy, which states that "We shall cancel the policy," is not in itself a cancellation.

Error to the Municipal Court of Chicago; the HON. HENRY C. WARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 23, 1913.

FURBER & WAKELEE, for plaintiff in error.

GUERIN, GALLAGHER & BARRETT, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

Plaintiff sued defendant on an insurance policy for $750 to recover a fire loss of her household furniture. The defense was that plaintiff did not pay the insurance premium and that defendant canceled the policy for that reason before the fire occurred. On a trial before a jury in the municipal court, plaintiff recovered a judgment for the face of the policy and interest. It is contended here that the judgment is erroneous because (1) it exceeds the amount claimed in the plaintiff's statement of claim, to the extent of the interest allowed, and (2) the court erred in admitting certain evidence and excluding certain offered evidence.

It appears from the evidence that Cheshire and Shotwell were the renting agents of the owner of the premises in which the plaintiff lived, and at the same time they were agents of the defendant Insurance Company. They had in their employ a clerk named Scott, who collected the rent from the plaintiff. Plaintiff claimed that she had an agreement with Cheshire and Shotwell (which had not been performed by them) to the effect that she should be given a credit of ten dollars on her first month's rent; that Scott "solicited" her insurance and that she acquiesced upon the understanding that Cheshire and Shotwell would apply the ten dollars due her to the payment of the insurance premium, which was $10.80. Scott denied that there was any such understanding. The policy

was issued, however, by defendant and delivered to plaintiff in March, 1909, and the premium was paid to defendant by Cheshire and Shotwell in the due course of their insurance business, and they mailed a bill for the same to the plaintiff on one of their own (not the defendant's) billheads. Scott testified that six months later, on September 17, 1909, he asked the plaintiff to pay the amount of the premium, $10.80; that she told him she could not pay it; that thereupon he took out of his pocket a blank notice, filled in the blanks, signed it himself, and handed the notice to her. A copy of this notice was marked for identification on the trial. It was to the effect that the premium on the policy (describing it) had not been paid "to this Company or any agent thereof," and that "unless premium thereon shall be paid on or before twelve o'clock noon of September 22, 1909, we shall cancel the insurance under said policy upon our books for non-payment of premium without further notice and terminate our liability thereunder from that date," and was signed "Aetna Insurance Company, by Cheshire and Shotwell, agents." Plaintiff denied receiving any such notice. There was no further evidence of any cancellation or notice thereof. Scott testified that he had no written authority from defendant to act for it; that the premium was due to Cheshire and Shotwell, and that he had no instructions from any one to cancel the policy. The notice was then offered in evidence. An objection to the offer was sustained upon the ground that Scott's authority to act for defendant had not been shown. Defendant's general agent in Chicago was then called as a witness and asked whether "as the representative of the Aetna Insurance Company, in Chicago, Mr. Scott had authority to serve notice of cancellation of policies for non-payment of premiums." This question was objected to as calling for a conclusion, and also for the reason that by the terms of the policy the authority

of any agent of the Insurance Company must be in writing, and the objection was sustained.

As to the question concerning the allowance of interest the rule is, that interest upon an amount found due upon a policy of insurance may be recovered even though not specifically claimed in the declaration. Grand Lodge A. O. U. W. v. Bagley, 164 Ill. 340; Boening v. North American Union, 155 Ill. App. 528. The same cases also hold that any question of variance between the amount of the verdict or judgment and the amount claimed by the pleadings, must be pointed out in the trial court, and cannot be first raised in the appellate court. It does not appear that this objection was made in the court below, and therefore, it cannot be made here.

Nor do we think that the court erred in its rulings on the evidence. It was not disputed that a valid policy of insurance, delivered by defendant to the plaintiff, was in force at the time of the attempted cancellation. The very fact that there was an attempt to cancel it is an admission that the policy was in force at the time of such attempt. Aetna Ins. Co. v. Maguire, 51 Ill. 342. The policy reads: "This policy shall be cancelled at any time at the request of the insured, or by the Company, by giving five days' notice of such cancellation," and that "in any matter relating to this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this Company." The notice was excluded because the authority of Scott to give the notice had not been shown. "There is no presumption that a mere soliciting agent has a right to cancel a policy, and in fact he has no such power without express authorization." 19 Cyc. 648. No attempt was made to show any written authority, and Scott himself did not claim to have any authority from the defendant. It is clear that his theory was that he had the right to cancel the policy merely because he claimed that the bill of Cheshire and Shotwell to the plaintiff for the premium had not

been paid.   It is apparent from the record that the court did not hold that defendant might not, if it could, show by competent evidence that Scott had authority to serve a cancellation notice.   The court merely ruled that the question as put by defendant's counsel to the general agent was open to the objections specifically stated by plaintiff's counsel.   The ruling was clearly correct.

Furthermore, the notice which Scott says he served upon the plaintiff does not purport to cancel the policy.   It merely states that unless the premium be paid by a certain date, "We *shall* cancel the policy."   Such a notice is not, in itself, a cancellation (Newark Fire Ins. Co. v. Sammons, 110 Ill. 166), and there was no evidence tending to show that the intention expressed in the notice was carried into effect by a cancellation of the policy, or notice thereof, before the fire occurred.

The judgment of the municipal court will be affirmed.

*Affirmed.*