Nanning Roon, Appellant, v. Joseph Van Schouwen, Defendant. Illinois Agricultural Mutual Insurance Company, also known as Country Mutual Casualty Company, Appellee.

Gen. No. 44,790.

Opinion filed December 19, 1949. Rehearing denied January 11, 1950. Released for publication January 11, 1950.

HENRY M. HILTON and BENJ. J. SCHULTZ, both of Chicago, for appellant.

BURT A. CROWE, of Chicago, for appellee; CARL E. ABRAHAMSON, of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This appeal is from a judgment in favor of the garnishee defendant. Plaintiff obtained a judgment in a personal injury action against defendant Van Schouwen for alleged injuries, occurring on April 9, 1945. Defendant Van Schouwen had an insurance policy with the garnishee. The garnishee defended upon the ground that the policy had been canceled and was not in force at the time of the accident. The only question presented upon this appeal is whether the garnishee had canceled the policy in accordance with the provision in the policy. The provision read:

"This policy may be cancelled at any time by the Insured by written notice to the Company at its home office at Chicago, Illinois, or may be cancelled by the Company by giving at least five (5) days notice, in writing, of such cancellation mailed to the insured at the address stated in the policy, which shall be sufficient notice."

The cancellation notice relied upon, sent to the insured, was a letter dated March 1, 1945, which read:

"Re: Employers Liability Policy # 2146

"We acknowledge receipt of the estimated advance premium due to renew the above policy. You did not file a labor record as required in the policy and this policy cannot be continued unless you do furnish us with the information on the amount of labor you employed during the past six months.

"We are enclosing a form to be used by you in reporting the labor used in the past six months. This is a simple form and should not be difficult at all for you to fill out and file. Please fill it out and return it to us at once.

"This policy will be cancelled on Mar. 16, 1945 unless you furnish us a report of the amount of labor employed by you during the past six months period."

On April 6, 1945, defendant wrote to the insured as follows:

"Re: E. L. Policy # 2146

"In accordance with our letter dated March 1st, in which we advised you that unless you file a labor record the policy would be cancelled on April 1, 1945, we are cancelling this policy as of that date.

"If you desire to reinstate the policy at this time the Advance Cash Premium is $90.00. You will not need to pay another policy fee if this policy is reinstated within a year from the date of cancellation. After that date there will be a $5.00 policy fee charged."

The evidence disclosed that the garnishee had upon its own records entered a cancellation of the policy as of April 1, 1945. This notice relied upon as effective cancellation of the policy is almost identical with that in *Fisher for use of Kimiry v. Associated Underwriters, Inc.*, 294 Ill. App. 315, where this court (Third Division) held that it was not a proper notice of cancellation, was not a compliance with a provision of the policy, almost identical with that in the instant case, and that the garnishee was liable. We fully agree with the reasoning in the *Fisher* case, and we think it is controlling in this case.

In the *Fisher* case, *supra,* the notice stated that "unless Premium thereon shall be paid to us on or before 12 o'clock noon, of July 17, 1933, we shall cancel the Insurance under said Policy upon our books." In the instant case the notice was identical except instead of premium it called for a report. In the *Fisher* case, there having been no compliance with the notice, the company on a subsequent day—namely, September 26, 1933—notified the insured that the policy had been canceled as of July 17, 1933, for nonpayment of premium. The court in construing the notice said:

"It is quite evident that the company did not intend to cancel the policy if the premium was paid within the time specified, but if it was not paid, the company

would then take further steps to effect a cancellation 'on the books'. . . ."

The court cites *McNellis v. Aetna Ins. Co.*, 176 Ill. App. 575, in which it was held that such a notice is not in itself a cancellation, and states that there is no evidence in the record that any future action was taken of which Fisher had notice, except the letter dated September 26, 1933. Continuing, the court said:

"It is a doctrine in this State that where a question arises as to the legal construction to be placed upon the language of an insurance policy, the same should be strictly construed in favor of the insured. This doctrine would be particularly applicable in a case such as the one before us where it relates to the company having the right of cancellation, as forfeitures are not favored in the law." (Citing *Budelman v. American Ins. Co.*, 297 Ill. 222, 227.)

There were other questions in the *Fisher* case, but the court clearly stated:

"The main defense of the garnishee in this case appears to be the cancellation of the policy."

The decision in that case clearly turned upon the question of whether the notice was legally effective as a notice of cancellation.

For the reasons indicated the judgment of the superior court is reversed and the cause remanded with directions to enter judgment for the plaintiff, against the garnishee, for the amount found to be due.

*Reversed and remanded with directions.*

Tuohy, P. J., concurs.

Niemeyer, J., dissents. The majority opinion is based on a misconception of the opinion in *Fisher for use of Kiniry v. Associated Underwriters, Inc.*, 294 Ill. App. 315, and its application to the facts of the instant case. In the *Fisher* case, as in the case before the court, the garnishee, hereafter called the insurer, set up the cancellation of its policy as a defense to

the claim of the beneficiary plaintiff, hereafter called plaintiff, and judgment was entered for the insurer upon a verdict directed by the court. The order of events, as stated in the *Fisher* opinion, is as follows: March 13, 1933, insurer issued its policy for one year in consideration of a premium to be paid in equal instalments in 30, 60 and 90 days; July 11 insurer wrote Fisher, the insured, that unless the premium was paid on or before 12 o'clock noon July 17 it would cancel the policy upon its books for nonpayment of the premium; July 24 the agent of insurer who had procured the business, accepted $10 from Fisher to apply on the premium; insurer refused to accept this sum; the agent attempted to return it but there is no evidence that Fisher received it; July 31 insurer canceled the policy on its books but dated the cancellation back to July 17; August 6 plaintiff sustained injuries for which she later obtained a judgment against Fisher; September 26 insurer wrote Fisher that the policy had been canceled as of July 17 and asked for an earned premium of $12.45. The Appellate Court held that the letter or notice of July 11 was not of itself a cancellation of the policy, and said (320, 321):

"In addition to this, as before stated, the evidence shows that the employee who was to have done the canceling of the policy on the books of the company, did not do so until July 31, 1933, but that she dated the cancellation as of the 17th. *In the meantime,* the evidence tends to show that $12, or some similar amount, had been paid to the agent Unger, whom the evidence shows had accepted payment on account of the premium, as had been his custom as well as the custom of other agents working for the company. *Therefore, there is a question as to whether or not the cancellation could be considered as effectuated.*" (Emphasis mine.)

177

The insurer denied Unger's authority to represent it in collecting the premium, but the court said (323), "Whether or not Unger was an agent of the company, the extent of his authority and whether or not he bound the company by his actions, were all questions of fact and they should have been submitted to the jury." For the error in directing the verdict and for other reasons mentioned in the opinion the case was reversed and the cause remanded for a new trial. There is no holding or intimation that, in the absence of the acceptance by Unger of the premium the cancellation of the policy would have been ineffectual. No question of waiver or default or estoppel arises in the case before this court. The policy before us authorizes cancellation by the insurer, and plaintiff concedes that insurer had the right to "cancel its policy of insurance by giving five (5) days written notice of its intention so to do." On March 1, 1945, insurer notified the insured that it would cancel the policy on March 16 unless a labor report was furnished. Insurer does not contend that this letter alone effected a cancellation of the policy. It was a prerequisite to cancellation. It appears without contradiction that on April 1 insurer canceled the policy on its records. This was a complete and effective cancellation. What followed was supplementary but not essential to cancellation. The policy did not provide for notice to the insured of the actual cancellation of the policy. It expressly provided that "No payment or tender of unearned premium shall be a condition precedent to an effective cancellation." However, by letter dated April 6 insurer advised the insured that it was cancelling the policy as of April 1, and enclosed its check for $34, which recited on its face that it was a return of the regular dividend and credit due on account of the cancellation of the policy as of April 1. The insured accepted the cancellation without protest and on April 16, after the

injury to plaintiff, acknowledged receipt of notice of the cancellation of his policy and commenced negotiations for a new policy, which was issued April 23. No premiums were paid by the insured for the period between April 1 and the issuance of the new policy April 23. The policy was not in force on April 9, 1945, when plaintiff was injured. The trial court properly directed a verdict, and the judgment should be affirmed.