(No. 31470.—

NANNING ROON, Appellee, *vs.* JOSEPH VAN SCHOUWEN, SR., *et al.*— (ILLINOIS AGRICULTURAL MUTUAL INSURANCE COMPANY, Appellant.)

*Opinion filed September 21, 1950—Rehearing denied Nov. 17, 1950.*

BURT A. CROWE, of Chicago, (CARL E. ABRAHAMSON, of counsel,) for appellant.

HENRY M. HILTON, and BENJAMIN J. SCHULTZ, both of Chicago, for appellee.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

This case is here pursuant to leave to appeal granted to review the judgment of the Appellate Court for the First District.

November 18, 1947, plaintiff, Nanning Roon, secured a judgment in the superior court of Cook County for $8000 against Joseph Van Schouwen, Sr., as damages re-

sulting from an injury alleged to have occurred on April 9, 1945. Thereafter on June 25, 1948, garnishment proceedings were commenced in said court against Country Mutual Casualty Company, formerly Illinois Agricultural Mutual Insurance Company, appellant here, asserting that it was indebted to the defendant, Joseph Van Schouwen, Sr., in the amount of $8000. The answer of the garnishee denied any indebtedness to the principal defendant and asserted that a policy of insurance which had previously been issued by the garnishee to the defendant in the original suit had been cancelled on April 1, 1945, and that between that date and April 23, 1945, when said policy was reinstated, the garnishee did not have in effect any policy of insurance covering said defendant.

The injury for which the original judgment was entered occurred on April 9, 1945, nine days after the date the garnishee alleged that the policy of insurance had been cancelled. After a hearing on the merits the trial court allowed garnishee's motion for a directed verdict and judgment was accordingly entered against the plaintiff. On appeal, the Appellate Court, by divided opinion, (*Roon v. Van Schouwen,* 339 Ill. App. 173,) found that the policy of insurance had not been cancelled, and entered an order reversing and remanding the cause with directions to the trial court to enter judgment for the amount found to be due. It is this judgment which the garnishee seeks to have reviewed.

The question presented is whether the Appellate Court erred in setting aside the judgment entered for the garnishee on its motion for a directed verdict in the trial court. The determination of whether there is any evidence in the record to support the findings of the Appellate Court is a question of law which may be inquired into by this court. (*Ahlenius v. Bunn & Humphreys, Inc.,* 358 Ill. 155.) In such case, this court may not weigh the evidence, but will review it to determine whether there was any evidence,

taken most favorably with all its reasonable intendments, to support the plaintiff's claim. *Goodrich* v. *Sprague,* 376 Ill. 80.

The plaintiff's claim is that the garnishee was indebted to the principal defendant in the amount of $8000. The garnishee in its answer denied any indebtedness owing to such defendant, and specifically pleaded the cancellation of the insurance policy which had been previously issued to the defendant. Where the garnishee denies under oath any liability to the principal defendant it is incumbent upon the plaintiff to prove the contrary. (*Payne* v. *Chicago, Rock Island and Pacific Railway Co.* 170 Ill. 607.) When the garnishee denies liability, one of the objects of the suit is to ascertain whether there is a debt due from the garnishee to the judgment debtor. (*Zimek* v. *Illinois National Casualty Co.* 370 Ill. 572.) If the record fails to show any evidence that the garnishee was indebted to the defendant, Joseph Van Schouwen, Sr., the action of the trial court directing a verdict in favor of the garnishee was proper and should have been affirmed by the Appellate Court.

Reviewing the facts, we note that on July 29, 1944, the garnishee issued its policy to the defendant insuring each person employed against bodily injury, up to the amount of $5000. The policy provided that it might be cancelled by the company by giving at least five days' notice, in writing, of such cancellation mailed to the insured at the address stated in the policy, and that the payment or tender of unearned premium was not a condition precedent to cancellation of the policy. In compliance with the provisions of the policy, the garnishee, on March 1, 1945, mailed a notice on its regular form, addressed to the defendant at his business address in Lansing, Illinois. This notice acknowledged the receipt of estimated advance premiums due to renew the policy, called attention to the

failure of the insured to furnish information as to the amount of labor employed by the insured during the preceding six months, as required by the policy, enclosed a form for the furnishing of such information, and concluded with notice that the policy would be cancelled on March 16, 1945, unless a report of the amount of labor employed was furnished. Thereafter the policy card maintained at the home office of garnishee was marked "Cancel, 4/1/45." This notation of cancellation of the policy was placed on the records of the company by the secretary of the manager of the garnishee, at his direction.

On April 6, 1945, a letter was directed to the original defendant, at the same address as the previous letter, advising him that pursuant to the letter of March 1, 1945, the policy was cancelled as of April 1, 1945. A check for an unearned premium of $34 was enclosed in this letter. April 16, 1945, a letter was directed to the garnishee upon the letterhead of said defendant in which cancellation of the policy was acknowledged. April 23, 1945, the policy was reinstated upon an application bearing the signature of the defendant. The $34-check was returned to the company and although not endorsed by Van Schouwen, the proceeds thereof were applied upon the premium for the reinstated policy. The defendant, Joseph Van Schouwen, Sr., denied that he had received either the notice of cancellation or the letter advising that such cancellation had been effectuated on the records of the company. He also denied any knowledge of the letter of April 16, 1945, on his stationery but admitted that the letter could have been written by his daughter who was in charge of correspondence and testified that he vouches for and stands back of what she says and does. The daughter did not appear as a witness.

From the facts and circumstances in evidence it appears that notice of cancellation was given to the insured in the

manner provided in the policy. Thereafter the cancellation was effectuated on the records of the company in the usual course of business, by a notation to that effect on the company records, followed by the return of the unearned premium. No evidence was offered on the part of the plaintiff to controvert these facts. The mere assertion of the principal defendant that he had no personal knowledge of any of these communications from the garnishee does not controvert the fact that the notice of cancellation was given as required by the policy, or that the same was effectuated in the manner testified to by the officers of the company. There was no evidence to support plaintiff's claim that the garnishee insurance company was indebted in any sum to the principal defendant, Joseph Van Schouwen, Sr.

The Appellate Court and the plaintiff rely principally upon *Fisher* v. *Associated Underwriters, Inc.* 294 Ill. App. 315, as authority in favor of the plaintiff. That case is readily distinguishable from the one before us and the distinction is clearly shown in the dissenting opinion of Mr. Justice Niemeyer, in the present case, reported in 339 Ill. App. 173. Other points raised have been considered but need not be discussed.

The judgment of the Appellate Court for the First District is reversed and the judgment of the superior court of Cook County is affirmed.

*Appellate Court reversed; superior court affirmed.*

Mr. JUSTICE THOMPSON, dissenting:

I am unable to concur with the majority opinion that the notice given in this case was sufficient to cancel out the policy of insurance.

The policy under consideration here contained the provision: "This policy may be cancelled at any time by the Insured by written notice to the Company at its home office at Chicago, Illinois, or may be cancelled by the Company by giving at least five (5) days notice, in writing, of such

cancellation mailed to the insured at the address stated in the policy, which shall be sufficient notice."

The cancellation notice relied upon, sent to the insured, was a letter dated March 1, 1945, which read: "We acknowledge receipt of the estimated advance premium due to renew the above policy. You did not file a labor record as required in the policy and this policy cannot be continued unless you do furnish us with the information on the amount of labor you employed during the past six months.

"We are enclosing a form to be used by you in reporting the labor used in the past six months. This is a simple form and should not be difficult at all for you to fill out and file. Please fill it out and return it to us at once.

"This policy will be cancelled on Mar. 16, 1945 unless you furnish us a report of the amount of labor employed by you during the past six months period."

A further note on the bottom of the letter after the signature of the insurer, read, "give them to 4/1/45 to file."

If this letter meant anything, it was not a notice of cancellation, but merely a statement of the insurer's intention to cancel at some time in the future. Further, there was no evidence that this notation was, in any way, brought to the attention of the insured employer by letter or in any other way. The letters introduced in evidence were copies of letters, and whether or not this notation as to a continuation of time for cancellation was brought to the attention of the insured is not clearly shown by the record, but, even if shown on the original letter and had been called to the attention of the insured, it would have only been confusing, and further information that the insurer would not strictly enforce the provisions of the policy would only tend to lull the insured into the belief that additional time would be granted and that the strict provisions of the policy would not be enforced. Also, confusion as to just what the insurer intended to do is dis-

closed by his letter of April 6, five days after the notation showed the policy would be cancelled, where it was said, "we are cancelling this policy as of that date." The letter of April 6 clearly shows that the insurer dated the cancellation back to April 1, and advised the insured that this would be the cancellation date. Certainly, the letter of April 6, 1945, was not a proper notice of cancellation and the insurer must rely upon his letter of March 1, 1945, as to the proper notice. Undoubtedly, this letter, under the terms of the policy was not a proper notice, especially under the rule that the construction to be placed upon the language of an insurance policy should be strictly construed in favor of the insured. It is clearly shown in the letter of March 1, that if the labor report called for had been sent in the policy would not have been cancelled. If there was any significance to the notation, it certainly shows that the insured did not expect to rely on his notice that the policy would be cancelled out as of March, 1945. I think the terms of this policy required actual notice of cancellation and not a mere notice threatening to cancel unless certain conditions were complied with. The letter acknowledged receipt of the premium with the advice that the insured had not filed a labor record which was a requirement of the policy, and enclosing a form to be used for that purpose. Further advice was that the policy would be cancelled on a date named if this was not done. Giving this letter its full import, it could only be considered as a conditional notice of cancellation. The policy does not provide for conditional notice. If the insured had desired to comply with the terms of its own contract, it would have been easy to have advised the insured, "Your policy will be cancelled (naming the date) under the terms and provisions provided therein, by reason of your failure to file a labor report." This would have been a definite cancellation. If it is desired by the insurer that certain conditions must be met or the policy will be cancelled, the date

of cancellation should be fixed and the required time run after the qualifying period has expired.

In the case of *Fisher for use of Lucille Kiniry* v. *Associated Underwriters, Inc.* 294 Ill. App. 315, the insurance policy there required that notice of cancellation was sufficient when mailed to the address of the named assured stated in the policy schedule. The notice there, as given under date of July 11, 1933, was made as follows: "You are Hereby Notified, That payment HAS NOT BEEN MADE AT THIS OFFICE of the premium $36.00 for Policy No. 72229, * * * and unless Premium thereon shall be paid to us on or before 12 o'clock noon, of July 17, 1933, we shall cancel the Insurance under said Policy upon our books, for Non-payment of Premium, without further notice and terminate our liability thereunder from that date. You will be held liable for the pro rata earned Premium thereon."

In passing upon the sufficiency of that notice, the court said: "The letter to Fisher, dated July 11, 1933, upon which the garnishee relies as being a cancellation of the policy, and which we have quoted above, sets forth that some future action by the company would be taken. It is quite evident that the company did not intend to cancel the policy if the premium was paid within the time specified, but if it was not paid, the company would then take further steps to effect a cancellation 'on the books' for the letter says: '. . . unless Premium thereon shall be paid to us on or before 12 o'clock noon, of July 17, 1933, we shall cancel the Insurance under said policy upon our books . . .' "

That situation is exactly as it is here, where the cancellation relied upon was sent to the insured under date of March 1, 1945, which did not cancel out the policy, but advised that unless a labor record was filed, as required, the policy would be cancelled at a later date. In addition, there was a notice of April 6, advising they were cancelling the policy as of April 1, 1945, which further shows that

the first notice was a notice of intention to cancel the policy. Also, in the instant case, the premium had been sent in to the company and they had accepted it.

In the case of *Newark Fire Insurance Co.* v. *Sammons,* 110 Ill. 166, in affirming a judgment against the insurer, this court said: "As to the other instruction, it only declares that a mere notice of an intention to cancel a policy of insurance, and nothing more, is not a cancellation of a policy. This could not mislead, and under the testimony before the jury it was proper. The intention of the insurer to cancel a policy could surely have no effect upon the contract of insurance until carried into execution,—and such is the doctrine of the instructions."

It has been held that where a policy provides that it may be cancelled by giving five days' notice of such cancellation, a notice that unless the premium is paid on or before a certain date the policy will be cancelled on that date, does not *ipso facto* work a cancellation on that date, especially where the premium has been paid or the insurer is chargeable with its receipt. *American Fire Insurance Co.* v. *Brooks,* 83 Md. 22, 34 Atl. 373.

The notice here is similar to the notice in the *Fisher case* and comes within the classification of conditional cancellations. The notice as written could only be construed as an intention to cancel the policy if there was a failure to file a labor record. The majority opinion holds that from the facts and circumstances in evidence in the case, it appears that notice of cancellation was given to the insured in the manner provided in the policy. With this I cannot agree, neither can I agree that this case can properly be distinguished from the *Fisher case,* on which the majority of the Appellate Court rely. In my opinion, the judgment of the Appellate Court for the First District is correct and should be affirmed.