George Hatzenbuhler, Plaintiff, v. Modern Woodmen
of America, Defendant.
Modern Woodmen of America, Cross-Complainant (Appellee), v. Hogan and Farwell, Inc., et al., Cross-Defendants (Appellants).

Gen. No. 9,224.

Heard in this court at the October term, 1939. Opinion filed April 15, 1940. Rehearing denied June 13, 1940.

Denis E. Sullivan, Jr. and Edmond Sullivan, both of Chicago, and Stone & Taylor, for appellant.

Carnahan, Slusser & Mitchell, of Chicago, and Branson Wright, of Bloomington, for certain appellee.

Bracken, Livingston & Murphy, of Bloomington, George G. Perrin, George H. McDonald and Alfred S. Edler, all of Rock Island, for certain other appellee.

Mr. Justice Hayes delivered the opinion of the court.

This is an appeal from an order of the circuit court of McLean county entered on the 22nd day of September, A. D. 1939, ordering the issuance of a writ of temporary injunction on the motion of the plaintiff in the cross complaint of the Modern Woodmen of America, against the defendant, Hogan & Farwell, Inc., enjoining and restraining said last-named defendant from further prosecuting any suit against the Modern Woodmen of America, for the recovery of six thousand five hundred ($6,500.00) dollars.

On the 24th day of June, A. D. 1939, George Hatzenbuhler, a resident of the city of Bloomington, Illinois, brought an action at law in the circuit court of McLean county, against the Modern Woodmen of America, a corporation, to recover a real estate brokerage commission on account of the sale of the Whitfield Apartment Hotel in Chicago, made by the Modern Woodmen of America. A summons was issued and served on the

Modern Woodmen June 24, 1939. On July 10, 1939, the Modern Woodmen filed on interpleader suit in the circuit court of Cook county, and named as defendants George Hatzenbuhler, and Hogan & Farwell, Inc., et al., and obtained a temporary injunction, without notice, restraining all the defendants, including George Hatzenbuhler, from prosecuting any suit for the recovery of the commission in question. On August 2, 1939, George Hatzenbuhler, et al., filed a motion in the circuit court of Cook county for the dissolution of said injunction. On August 24, 1939, the defendant Hogan & Farwell, Inc., filed its verified answer in the circuit court of Cook county, asking an affirmative judgment for sixty five hundred dollars. On the 29th day of August, 1939, on motion of George Hatzenbuhler, and the other defendants, except Hogan & Farwell, an order was entered in the circuit court of Cook county, finding that the temporary injunction was improvidently issued, without notice, and without bond. The same was dissolved. On the 8th day of September, A. D. 1939, an order was entered in said proceedings in Cook county, dismissing said suit on motion of the Modern Woodmen of America over the objection of Hogan & Farrell, Inc.,

On the 14th day of September, A. D. 1939, Hogan & Farwell, Inc., filed with the clerk of the Cook county court, its notice of appeal from the order dismissing said cause on motion of the plaintiff over the objection of Hogan & Farwell. The appeal bond was approved, ordered filed, and a praecipe for record on appeal was filed.

On the 13th day of September, A. D. 1939, the Modern Woodmen of America filed an answer and cross complaint in the nature of a bill of interpleader in the suit in which George Hatzenbuhler was plaintiff, in the circuit court of McLean county. Said cross bill contained the same averments as did the complaint of interpleader in the Cook county suit, and made the

cross defendants the same as were the defendants in the Cook county suit.

On September 22, 1939, the Modern Woodmen made application to obtain a temporary injunction from the circuit court of McLean county, restraining all of said cross defendants, including Hogan & Farwell, Inc., from prosecuting any other suit at law or in equity against the Modern Woodmen of America. The defendant Hogan & Farwell, Inc., appeared in response to said motion and filed its counter affidavit in opposition to the motion for said temporary injunction setting forth all the facts relating to the proceedings then pending in the Appellate Court of Illinois for the First District, and setting forth that said temporary injunction, if issued as prayed for, would have the effect of preventing Hogan & Farwell, Inc., from filing a record on appeal to the Appellate Court of Illinois, for the First District, within the time prescribed by statute. Hogan & Farwell, at the time of the making of the motion for a temporary injunction in the McLean county suit, presented and filed a verified petition for a stay of proceedings, which averred the pendency of a prior action between the same parties for the same cause, and prayed that any and all further proceedings in this cause might be stayed pending the outcome of the appeal on the Cook county suit.

The circuit court of McLean county denied the motion to stay the proceedings and ordered the issuance of a temporary injunction.

The law provides that where a party has a specific fund which is claimed by two or more parties, whose claims spring from the same source, and the stakeholder has no interest in the subject matter; and has incurred no independent liability to either of the claimants; and is a disinterested, impartial stakeholder, he is entitled to file an interpleader suit so as to avoid a multiplicity of suits. A suit of this nature is in equity and the complainant should be free of any collusion

with any of the claimants and remain impartial between them.

In the case before us, the Modern Woodmen filed its suit of interpleader in the circuit court of Cook county, and made Hogan & Farwell, a defendant, and improvidently obtained an injunction without notice and without bond restraining Mr. Hatzenbuhler from prosecuting his McLean county suit, and the other defendants from bringing suit for the commission in question, which injunction was dissolved and from which order no appeal was taken. Hogan & Farwell, Inc., were not only a defendant in the interpleader suit, but were for all intents and purposes, a plaintiff in asking an affirmative judgment. The Cook county suit was dismissed over its objections. It prosecuted an appeal, in apt time, to the Appellate Court for the First District, but before it could perfect its appeal, it was restrained by a temporary injunction from the circuit court of McLean county, on motion of the Modern Woodmen. The Modern Woodmen was entitled to file one suit of interpleader,— not two.

The Modern Woodmen chose to file its first suit in the circuit court of Cook county, and it obtained the process of that court in bringing the defendant Hogan & Farwell, Inc., into court. This defendant came in and asked for an affirmative judgment. The Woodmen dismissed its suit. Hogan & Farwell appealed. Before the litigation had terminated, the Woodmen had filed its cross complaint in the Hatzenbuhler suit in McLean county, and had again made Hogan & Farwell, a defendant, and then obtained a temporary injunction preventing Hogan & Farwell from having a review which it was entitled to under the statute, in the Appellate Court for the First District. The propriety of this procedure is very questionable and the results obtained here are contrary to the principles underlying bills of interpleader. In place of restricting multiplicity of suits, it has in this instance created them.

For the complainant in an interpleader to sustain itself, it must show and do equity. The Woodmen, in filing one suit in Cook county and then voluntarily dismissing it after obtaining an injunction, and its filing of the cross complaint in the McLean county suit, before the Cook county suit was finally disposed of, and in obtaining the second temporary injunction, restraining the review of the Cook county suit, does not show equity of the type required of a complainant in a suit in the nature of an interpleader.

It is true Mr. Hatzenbuhler first filed his suit in McLean county, and as between him and the Modern Woodmen, this is the prior suit, but as between Hogan & Farwell, and the Modern Woodmen, the Cook county suit is the prior one. If the Modern Woodmen of America had followed the prescribed rules required of a complainant in interpleaders, the confusion that now appears in this record would not have occurred.

In our judgment, and for the reasons herein set forth, the Modern Woodmen were not entitled to the temporary injunction before trial in the McLean county court restraining Hogan & Farwell from a right to review the Cook county suit in the Appellate Court for the First District, and said injunction should not have been granted by the circuit court of McLean county. The order granting said temporary injunction is hereby reversed, and cause remanded with directions to the circuit court of McLean county to dissolve said injunction. The order of the circuit court of McLean county denying appellant's petition for stay of proceedings in said court is affirmed, for the reason that Hatzenbuhler filed his suit first, and has done nothing justifying a stay order preventing him from prosecuting his suit.

*Affirmed in part, reversed in part, and remanded with directions.*