# The Supreme Council of the Royal Arcanum, Appellee, v. William A. Huckins et al., Appellants.

## Gen. No. 15,993.

1. FRATERNAL BENEFIT SOCIETIES—*what does not destroy rights of beneficiary.* An incorrect description will not defeat a recovery upon the part of an eligible person properly named as beneficiary.

2. FRATERNAL BENEFIT SOCIETIES—*beneficiary may be changed.* Strict compliance with the regulations prescribed by the by-laws and officers of a society is not essential to a valid change of beneficiaries; if the transaction amount to a designation of a particular eligible person as beneficiary, it is sufficient.

Bill of interpleader. Appeal from the Superior Court of Cook County; the HON. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed December 22, 1911. *Certiorari* denied by Supreme Court (making opinion final).

Arnott Stubblefield, for appellants.

Stewart R. Brown, for appellee.

Mr. Justice Smith delivered the opinion of the court.

The Supreme Council of the Royal Arcanum filed in the Superior Court a bill of interpleader against the heirs of Clarence L. Huckins, deceased, and Rose M. Yagar, alleging that Clarence L. Huckins was a member of the Royal Arcanum, and holder of a benefit certificate therein for $3,000 which, in the event of his death while in good standing, was payable to his wife. Clarence L. Huckins died May 14, 1907, while in good standing, and his wife having previously died, a controversy had arisen between the heirs of the said Clarence L. Huckins and Rose M. Yagar, as to whether the benefit fund of $3,000 payable upon the certificate by the complainant, should be paid to the heirs or to Rose M. Yagar. The complainant offered to pay the money into court and prayed that the defendants interplead.

A supplemental bill was filed setting out that since the filing of the original bill the complainant had paid to Loella R. Huckins $1,500, one half of the benefit, and alleging that the other half was claimed by Rose M. Yagar as affianced wife of Clarence L. Huckins, deceased, and also by the heirs-at-law of the deceased. The bill prayed that defendants answer and interplead and adjust their demands.

The Huckins heirs answered claiming the $1,500 and Rose M. Yagar answered claiming the same.

A decree was entered that defendant pay into court the sum of $1,495 and upon so doing be dismissed out of the case, and that the defendants interplead.

Upon the hearing the court entered a decree that Rose M. Yagar was entitle to the $1,495 and directed the clerk of the court to pay the same to her. The other defendants prayed an appeal from the decree,

and assigned as errors that the decree is contrary to law and equity and that the court erred in finding and decreeing that appellee, Rose M. Yagar, was entitled to the fund in controversy.

The record shows that on March 23, 1888, Clarence L. Huckins became a member of Logan Council No. 1019, located at Chicago, Illinois, which was a subordinate body of the Supreme Council of the Royal Arcanum. A benefit certificate No. 93,088 for $3,000 was issued to him, which sum in the event of his death in good standing, in accordance with the rules and regulations of the Royal Arcanum, was payable to his wife, Flora E. Huckins.

On September 7, 1906, Clarence L. Huckins executed a surrender certificate and request for change of beneficiary as follows:

"Logan Council No. 1019 R. A.

September 7, 1906.

To W. O. Robson, Sup. Sec. S. C. R. A.

I herewith surrender and return to the Supreme Council of the Royal Arcanum the within benefit certificate No. 93088 and direct that a new one be issued to me payable to

Lolla Ray Huckins

Rose M. Yagar

residing at 993 Congress Street and 2140 Washington Blvd., Chicago, related to me as daughter and adopted daughter.

CLARENCE L. HUCKINS.

(Seal of sub-council)

Attest:   M. C. VanVleck,

Secretary."

At the same time Huckins paid to the secretary of Logan Council fifty cents, and thereupon the secretary forwarded the surrender of certificate and request for change of beneficiary to the secretary of the Supreme Council at Boston with the fee of fifty cents.

The Supreme Secretary on September 21, 1906, wrote to the secretary of Logal Council acknowledging the receipt of the request of Huckins for change of beneficiary, and pointed out that one of the beneficiaries named is an adopted daughter, and that it was not stated which one is the adopted daughter, and that the places of residences are not stated so that it is impossible to say which is the residence of each, and enclosed a form for a new application.

On the same day the Supreme Secretary wrote to Huckins pointing out that in his request for a change of beneficiary he names two, Lolla Ray Huckins and Rose M. Yagar, who are said to be daughter and adopted daughter, but which is the daughter, and which the adopted daughter, was not specifically stated; and that in order to avoid any chance for a misunderstanding asked Huckins to insert a date and sign with his full name a form of certificate which was enclosed, and send it to the secretary of Logan Council, and further saying that if the adopted daughter referred to had been legally adopted it would be necessary to procure and send proof of such adoption in the form of a certified copy of the record of adoption from the proper court, and if not legally adopted proof of the dependency should be made in accordance with a form enclosed.

Subsequently, on October 23, 1906, December 15, 1906, and March 7, 1907, the Supreme Secretary wrote letters to the Secretary of Logan Council and to Huckins in regard to the matter of the change of beneficiaries, and urging that the proofs be forwarded as suggested. To these communications Huckins made no response, and the matter was left in the same condition until the time of his death.

Flora E. Huckins, wife of Clarence L. Huckins, died before the decease of Clarence L. Huckins. Clarence L. Huckins left him surviving as his only heirs-at-law and next of kin his sons William A. Huckins, Albert

C. Huckins, Webster L. Huckins and L. Van E. Huckins, and his daughter, Loella Ray Huckins, all of lawful age, and Loella Ray Huckins is the same person named in the request for change of beneficiary as Lolla Huckins.

Proofs of the death of Clarence L. Huckins were made in due form, and submitted to and received by the Supreme Council. For the purpose of this appeal and for no other purpose, it is admitted by appellants that from a time prior to September 7, 1906, the date of the surrender and return to the Supreme Council of the benefit certificate with the request to make out a new one payable to the new beneficiaries, and continuing until and at the time of the death of Clarence L. Huckins, the appellee, Rose M. Yagar, was the affianced wife of Clarence L. Huckins.

It is contended on behalf of the appellants, that the adoption of a particular method of changing the beneficiary by a benevolent society is exclusive of all other methods, and must be complied with unless such compliance is waived by the society, or it be beyond the power of the insured to comply literally with the regulations, or unless the assured has pursued the course pointed out by the laws of the association and has done all in his power to change the beneficiary; and many authorities are cited in support of these contentions.

Beyond question the charter and by-laws govern the rights of the parties. Section 324 of the by-laws of the Supreme Council of the Royal Arcanum designates who may be beneficiaries of the second class. The persons designated under that section may be, first, the affianced wife, or any person who is dependent upon the member for maintenance. In either of which cases written evidence of the affianced relation or dependency within the requirements of the laws of the order must be furnished to the satisfaction of the Supreme Secretary before the benefit certificate can be issued.

Second, neither the decision of the Supreme Secretary, nor the issuance of the benefit certificate shall be conclusive as to the fact of the affianced relation or dependency; and third, if such satisfactory evidence either of the affianced relation, dependency, or of legal adoption is not furnished as provided in the by-laws prior to the decease of the member, no benefit shall be paid unless such evidence is furnished to the satisfaction of the Supreme Secretary and examiner of claims.

Section 333 of the by-laws provides that a member may at any time when in good standing pay a fee of fifty cents, make a written surrender of his benefit certificate and direct that a new certificate be issued to him payable to such beneficiary or beneficiaries as such member may designate in accordance with the laws of the order; and section 334 of the by-laws pro vides that a written surrender and direction for a change of beneficiary must be forwarded under seal of the council, with the benefit certificate and fee of fifty cents, to the Supreme Secretary, who shall issue a new certificate in accordance with the direction of the member, if the direction is in accordance with the laws of the order, and if all other conditions have been complied with. And section 337 provides when the change of beneficiary shall take effect.

The principles governing benefit insurance contracts are of a manifold nature and analogous to the general rules of construction governing statutes, contracts and wills. In Duvall v. Goodson, 79 Ky. 224, 228, the court said:

"A life insurance policy for the benefit of the family of the person procuring it, though not a testament, is in the nature of a testament, and in construing it, the court should treat it as far as possible as a will, as in so doing they will more nearly approximate the intention of the person the designation of whose bounty is involved in such case."

The controversy presented on this appeal is between the heirs of Clarence L. Huckins on the one hand, and Rose M. Yagar, appellee, on the other. The Supreme Council of the Royal Acanum, the complainant in the bill, has been eliminated from the controversy.

At the farthest, the designation of Rose M. Yagar, appellee, as a beneficiary in the surrender of the certificate and designation of new beneficiaries, was an incorrect description of an eligible person, and such an incorrect description will not defeat a recovery on the part of the eligible person so incorrectly described. Farrenkoph v. Holm, 237 Ill. 94; Royal Arcanum v. McKnight, 238 Ill. 349, 358.

In Kinney v. Dodd and Switchmen's Mutual Aid Association, 41 Ill. App. 49, Margaret Kinney, the mother of the assured, claimed as heir-at-law and disputed an alleged claim of Hattie Dodd, affianced wife. Hattie Dodd was designated: "Devisee, Hattie Dodd, related ———" The court held that:

"It clearly appears that the assured intended to make, and believed he had made his policy payable to Hattie Dodd. The Association so understood and agreed to make payment. This being the case, even if there had been a want of a technical compliance with everything requisite to constitute her the beneficiary, a court of equity, which looks to substance rather than form, would carry out the plain and manifest intention of the parties. But so far as appears, the policy was entirely in accordance with the rules and regulations of the Association made payable to Hattie Dodd, she was the beneficiary named at the time the policy was issued, and her name was inserted in the only way and place provided for designating beneficiaries, * * * There is an undoubted right to make the certificate payable to Hattie Dodd. The parties did what they thought secured this; there is no rule of public policy which forbids the carrying out of such intention. The

decree of the court below awarding the money paid in on this certificate to her is therefore affirmed.''

At the time that Huckins surrendered his benefit certificate, and designated Loella Ray Huckins and Rose M. Yagar as his new beneficiaries, as the secretary of the local lodge testified, ''I told him if he left it to an adopted daughter he would have to furnish necessary proof of adoption or our new Supreme Secretary would not accept it. He told me to try it anyway; I said, 'All right, I will send them down, but I know the papers will come back.' ''

Appellants contend that inasmuch as the assured did not furnish the information required by the secretary of the supreme council in his lifetime, as requested, a reasonable presumption exists that he changed his mind to leave the matter as it was. We think, however, that the facts shown by the record furnish no basis for such a presumption, and that the evidence in the record indicates very clearly the intention of Clarence L. Huckins with reference to making Rose M. Yagar one of his new beneficiaries.

In our opinion the decree awarding the money to appellee expresses and carries out the intention of Clarence L. Huckins, and although the formalities required by the by-laws and by officers of the Supreme Council were not strictly observed, the substance of the provisions of the by-laws was observed and that the transaction amounted to a designation of appellee as beneficiary. She was eligible under the statute and under the by-laws as an affianced wife.

The Supreme Council, the complainant, recognized the designation of a new beneficiary so far as Loella R. Huckins was concerned, and paid the money to her; and in our opinion it acted correctly in so doing. The designation of Rose M. Yagar, appellee, as beneficiary, was by the same paper and under the same state of facts, and it therefore became an effective designa-

tion, keeping in view the substance of the transaction rather than the form.

The decree of the Superior Court is correct and is affirmed.

*Affirmed.*