Alyne O'Donnell, Appellant, v. Travelers Insurance Company, Appellee.
Charles F. Schroeder and Minnie D. Schroeder, Counterclaimants, v. Travelers Insurance Company, Counterdefendant.

Gen. No. 10,180.

Opinion filed September 18, 1947. Released for publication October 7, 1947.

CASSIDY, SLOAN & CRUTCHER, of Peoria, for appellant.

WILLARD B. GASKINS, of Peoria, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On October 17, 1935, the Travelers Insurance Company issued a group life insurance policy on the employees of R. G. LeTourneau, Inc. The company issued its certificate of insurance upon said policy, upon the life of Harold K. Schroeder, an employee of R. G. LeTourneau, Inc., for the sum of $3,750. The group insurance policy and certificate provided that the insured has the right to change the beneficiary, and in case of the termination of employment, for any reason, the insured has 31 days to convert said policy into a policy of life insurance with the form of insurance customarily issued by the insurance company, and without notice of insurability to anyone.

The plaintiff, Alyne O'Donnell, and the insured, Harold K. Schroeder, were divorced on February 13,

1946.  On February 16, 1946, the insured, Harold K. Schroeder, quit the employment of R. G. LeTourneau, Inc.  On February 17, 1946, Harold K. Schroeder called at the office of the Travelers Insurance Company in Peoria and interviewed Mr. J. Thomason, the manager of the Peoria branch of the company. At that time Mr. Schroeder stated to Mr. Thomason that he had quit his job with the LeTourneau Company, and that he was leaving Peoria, because of his domestic troubles; that he and his wife had been divorced, and he did not wish to live in the same city where she resided; that he wanted to change the beneficiary in his group insurance policy, or to convert the same to individual insurance, with his father and mother, Charles F. Schroeder and Minnie D. Schroeder, as his beneficiaries.

At that time Mr. Thomason, the agent, informed Schroeder that what he wished to do could be accomplished in two ways.  One by making application for a new policy of insurance to be issued without medical examination, the other, to convert his group insurance policy to individual insurance, which privilege was given him by the terms of said policy.  Schroeder then executed the necessary application for a new insurance policy in the sum of $3,000, and at that time he also executed an application for the conversion of his group life insurance to individual insurance in the sum of $3,000, with retirement at 65 years.  He executed all the forms required of him by the insurance company to convert said group policy to individual insurance, as was therein provided, and to complete the change of beneficiary from his former wife, the plaintiff, Alyne O'Donnell, to his father and mother, Charles F. Schroeder and Minnie D. Schroeder.  Thomason, the manager of the Travelers Insurance Company, forwarded to the home office of the Travelers Insurance Company, the application for the new insurance because it constituted new business for the branch office,

but retained the application for conversion and the change of beneficiary. Thomason informed Schroeder that in the event said new policy of insurance could not be issued, without medical examination, that his application for conversion of his group policy would be effective, and that there were no further documents or instruments of any kind for him to sign to complete the said conversion.

On February 26, 1946, Harold K. Schroeder died. The proof of death was furnished to the defendant, the Travelers Insurance Company. On April 22, 1946, the plaintiff, Alyne O'Donnell, filed a suit in the circuit court of Peoria county, against the Travelers Insurance Company, alleging the issuance of the policy, the death of Harold K. Schroeder, and that she was the beneficiary under the group insurance policy, and was entitled to the amount stated in said policy, but the insurance company refused to pay her the said sum of $3,750.

The Travelers Insurance Company filed its answer and counterclaim in the nature of a bill of interpleader. It admits the issuance of the policy, and that the plaintiff was a beneficiary under the same, and that the company was willing to pay into court the sum of $3,750, but alleges that other claimants, Charles F. and Minnie D. Schroeder have demanded the proceeds under said insurance policy. It avers that because of the adverse claims, the company does not know who is entitled to receive payment. It prays that the court will determine the proper parties to whom the company should make payment, and that all parties be enjoined from instituting any further suits against the company, and also prays that the other claimants, Charles F. and Minnie D. Schroeder, be required to interplead and become parties to the suit.

The plaintiff, Alyne O'Donnell, filed an answer to the Travelers Insurance Company's bill of interpleader, and demanded a jury trial on the issues of

the counterclaim. Charles F. and Minnie D. Schroeder, with permission of court, filed an answer to the complaint of the plaintiff, Alyne O'Donnell, and to the counterclaim of the insurance company. By their pleading, they admitted the issuance of the policy, the death of the insured, and notice to the company. They alleged that plaintiff and the insured were divorced on February 13, 1946, and that they were the heirs of law of the insured, and that the plaintiff had waived all rights under the policy. The Schroeders also alleged that the insured, before his death, changed the beneficiary from his wife to them; that there was not sufficient time to complete all formal papers and documents in connection with the beneficiary. They prayed that the company be ordered to pay them the proceeds of said policy, or in the alternative, to pay the administrator of the estate of the insured.

On motion of the plaintiff, Alyne O'Donnell, the Schroeders were required to file and attach documents to their answer in which they based their claim of a change of beneficiary. In compliance with this order, the document entitled, "application for conversion of group life policy to individual insurance," was filed. The insurance company filed its answer to the pleadings of the intervenors, the Schroeders, and averred that on February 17, 1946, while the policy was in effect, the insured executed an application for a conversion of $3,000 of group life insurance to individual insurance, and named Charles F. Schroeder and Minnie D. Schroeder as beneficiaries; that the form of application for conversion was the only form signed by the insured.

The plaintiff, Alyne O'Donnell, filed her motion for a summary judgment supported by her affidavit, and also the affidavit of J. Thomason, the manager of the Peoria branch of the Travelers Insurance Company. To this affidavit was attached the printed form signed by the insured, Harold K. Schroeder, on February 17,

1946. Before the court ruled on plaintiff's motion for a summary judgment, the intervening claimants, Charles F. and Minnie D. Schroeder, filed their motion for a summary judgment, and attached to their motion was an affidavit of Thomason, also the affidavits of their attorney, William B. Gaskins, also their individual affidavits. By these motions and affidavits, the issues made by the pleadings are whether this form of application to change the policy, terminated the existing policy, and had the effect of issuance of a new policy, or whether this form changed the beneficiary in the existing policy.

The plaintiff filed a motion to strike the affidavits attached to the motion for summary judgment of the intervening claimant. The intervenors also filed a motion to strike the affidavit attached to plaintiff's motion for a summary judgment. The court heard the arguments on both motions to strike and on both motions for a summary judgment. On February 25, 1947, the court, on its own motion, transferred the cause to the chancery docket, and announced that the motion for summary judgments of Charles F. and Minnie D. Schroeder will be allowed, and that the plaintiff's, Alyne O'Donnell, will be denied, and directed that a decree be prepared accordingly. Such decree was prepared and signed, and this appeal follows.

■■ It is first insisted that the trial court erred in granting the motion of Charles F. and Minnie D. Schroeder for a summary judgment, because there was not a compliance of the terms of the policy in the change of the beneficiaries. It will be observed that the dispute in this case is not between the beneficiaries and the insurance company, but between the parties claiming the benefits of the policy, and a somewhat different rule applies under such circumstances. In the case of *Thompson v. Metropolitan Life Ins. Co.,* 318 Ill. App. 235, this court was considering a similar

case, and had occasion to review the decisions in many cases bearing upon this question. We held that the insurer is no more concerned in the redesignation of a beneficiary than it is in the original designation; that the change, so far as the beneficiary is concerned, is effected when the insured, in due form, makes the change; that the indorsement by the insuring company merely registers the name of the new beneficiary; that such a policy provision is for the benefit of the insurer and can be waived by it; that by bringing the money into court the company makes a further recognition of its duty to make the indorsement as requested by the insured and its action in so doing cannot be questioned by a former beneficiary.

In the case of *Sun Life Assur. Co. of Canada v. Williams,* 284 Ill. App. 222, we find the following: ''The main contention here is that the insured did not comply with the regulations of the contract as to change of beneficiary, and that therefore the attempted transfer was void, and that the defendant did not acquire any right, title, or interest by this so-called redesignation. Many cases bearing on the question here involved are cited, and from an examination of them it will appear that, while a change of beneficiaries must be made under certain formalities for the protection of the insurer, yet, in cases where the company has waived defending by interpleading, and has paid the money into court, and has no further interest in the litigation between the parties, a far more liberal rule obtains, and that courts of equity seek to do that which the insured apparently intended to have done. . . .'' That opinion points out the distinction in *Thomas v. Thomas,* 131 N. Y. 205, cited here by counsel for Vera Williams. In the latter case the insured attempted to add an additional beneficiary by merely inserting the name of the new beneficiary in the certificate of insurance; under the by-laws of the company each member was required to apply for such a change,

surrender the certificate and receive another; it was held there was no valid change of beneficiary. The opinion in the *White* case notes a number of other cases decided in New York, as well as other states, and held that when the insured exercised his right to change the beneficiary the company became bound to make the change requested. An officer of the insuring company testified in that case that the indorsement on the policy was not "a consent" but is "an indorsement of the change made by the insured."

"This construction seems to us in accord with reason. The designation of a beneficiary in the first instance is left to the exclusive wish of the insured; the insuring company is not concerned, except to be informed of the name of the beneficiary; where the right to redesignate the beneficiary is reserved in the policy the insuring company is no more concerned than in the first instance; the change is not conditioned upon the consent of the insurer; the change, so far as any beneficiary is concerned, is effected when the insured in due form makes the change; the indorsement by the insuring company merely registers the name of the new beneficiary."

In the case of *White v. White,* 194 N. Y. Supp. 114, the Supreme Court of New York was considering the change of a beneficiary under a life insurance policy, and we find this statement: "This contract of insurance, together with the application therefor, which is made a part thereof, further provided that the said insured reserved the right to change the beneficiary at any time, without the consent of the beneficiary therein designated, and that said insured had the right to designate a new beneficiary by filing written notice thereof at the home office of the said company, accompanied by the policy for suitable indorsement. "Such change shall take effect upon the indorsement of the same on the policy by the company, and not before."

"The provision in the policy wherein and whereby it provided that such change shall take effect upon the indorsement of such redesignation of beneficiary upon the policy, 'and not before,' is clearly placed in the contract by the insurer for the protection of the company itself, to avoid a multiplicity of claimants, and can be used by such insurer as a defense in an action at law to recover the amount of the policy; but such defense can be waived by the company insuring, as in this case, by its indorsing such new designation thereon, and further by its paying the money into court and refusing to defend. The neglect to make this indorsement is not available in an action brought by a beneficiary to nullify the act of the insured in making a redesignation of a new beneficiary." The facts in the above cited cases are somewhat different to the present one, but the law as there announced is applicable.

It is next insisted that the court erred in denying the motion of the plaintiff to strike the affidavits in support of the motion of Charles F. and Minnie D. Schroeder for summary judgment. The motion referred to is very general and does not specify in any manner wherein the affidavits complained of are insufficient. She says that the affidavits do not state facts showing that the plaintiffs are entitled to recover. While some of the statements might be considered conclusions, there are sufficient facts stated which if true, entitled the claimants, Charles F. Schroeder and Minnie D. Schroeder to judgment in their favor, and the court did not err in refusing to strike the affidavits.

In the affidavit of J. Thomason attached to the appellee's answer to the complaint, he details what Harold K. Schroeder said to him in regard to the change of policy and beneficiaries. Appellant claims that it was error for the court not to strike the affidavit of Thomason because of these statements. The ap-

pellees claim that the statements of Schroeder at the time the policy was changed, were part of the *res gestae,* and therefore admissible. In the case of *People v. Mulvaney,* 286 Ill. 114, 117, it is stated: ''Whenever it becomes important to show, upon the trial of a cause, the occurrence of any fact or event, it is competent and proper also to show any accompanying act, declaration or exclamation which relates to or is explanatory of such fact or event. Such acts, declarations or exclamations are known to the law as res gestae.'' The motion to strike the affidavit, as before stated, was general and did not complain of the statement now objected to, but was wholly upon the ground of the lack of specific statements. The court did not err in its ruling. However, under the facts as disclosed by this record, it is immaterial because there was evidence before the trial court which was competent and material to establish the appellee's case, so the error, if any, was harmless. *Charles E. Reed & Co. v. Industrial Commission,* 328 Ill. 345.

It is also insisted by the appellants that the trial court erred in entering judgment against the plaintiff after overruling her motion to strike, but should have given her an opportunity to file counter affidavits. The record does not disclose that the plaintiff asked for an opportunity to file such affidavits, but she proceeded to trial on her motion for summary judgment. We find no merit in appellant's contention.

It is insisted that the trial court erred in transferring this case to the chancery docket. In the case of *White v. White, supra,* the court there held that after a suit filed by one claiming to be the beneficiary under an insurance policy, and that there was another claimant to the proceeds of the same policy, and the insurance company had paid the money into court asking directions to whom the proceeds should be paid, the nature of the action was changed from one at law to one in equity. In the case of *Hatzenbuhler v. Mod-*

*ern Woodmen of America*, 305 Ill. App. 501, 504 we find the following: "The law provides that where a party has a specific fund which is claimed by two or more parties, whose claims spring from the same source, and the stakeholder has no interest in the subject matter; and has incurred no independent liability to either of the claimants; and is a disinterested, impartial stakeholder, he is entitled to file an interpleader suit so as to avoid a multiplicity of suits. A suit of this nature is in equity and the complainant should be free of any collusion with any of the claimants and remain impartial between them."

It is stated in *Newhall v. Kastens*, 70 Ill. 156, 159: "That where two or more persons claim the same fund or property, by different or separate interests, and another person does not know to whom it of right belongs, and as to which he is wholly indifferent as between them, he may exhibit a bill of interpleader as against them. Such a bill may be filed, though the party has not been sued at law, or has been sued by one, only, of the conflicting claimants, or though the claim of one is actionable at law and the other in equity; and it is apprehended, the principle would be the same, whether the actions would be pending in the same court or district courts having concurrent jurisdiction." It is our conclusion that the trial court properly transferred this case from the law to the equity side thereof.

From a review of the record in this case we are satisfied that the court properly held that Charles F. Schroeder and Minnie D. Schroeder were entitled to the proceeds of the policy of insurance in question. The decree appealed from is affirmed.

*Affirmed.*