Gertrude Kitchen, Plaintiff-Appellee, v. North American Accident Insurance Company, Defendant-Appellant.

Gen. No. 9,922.

Opinion filed March 9, 1954. Released for publication March 25, 1954.

BELLATTI, ARNOLD & FAY, of Jacksonville, for appellant.

VAUGHT, ROBINSON & FOREMAN, of Jacksonville, for appellee.

MR. JUSTICE CARROLL delivered the opinion of the court.

Plaintiff, Gertrude Kitchen, widow of W. J. Kitchen, deceased, brought this action to recover as beneficiary under an accident insurance policy issued by the defendant to the decedent. There was a jury trial resulting in a verdict for plaintiff. The circuit court of Morgan county overruled motions for judgment notwithstanding the verdict and for a new trial and entered judgment on the verdict. Defendant appeals from that judgment.

The pleadings do not appear to have been challenged nor is the accuracy of the instructions to the jury questioned. The sole question presented by this appeal is whether the trial court erred in submitting to the jury for its determination the question as to whether the

24

beneficiary under the policy was changed by the decedent.

The policy on which this suit was brought was issued on November 7, 1945, to W. J. Kitchen as a member of the Chicago Motor Club and insured him against accidental death. The annual premium on said policy was fifty cents and was paid by the insured as a part of his membership dues in said club. The policy contained the following standard provision: "No agent has authority to change this policy or to waive any of its provisions. No change in this policy shall be valid unless approved by an executive officer of the company and such approval be endorsed hereon."

Ivadell Kitchen, who was then the wife of the insured, was named beneficiary. On May 22, 1946, the insured was divorced from the beneficiary and on September 1, 1946, was married to the plaintiff. When the insured paid his annual motor-club dues to defendant's agent in November 1946, he orally requested the said agent to change the beneficiary in said policy to his then wife, the plaintiff herein. The annual renewal premiums due in November of the years 1947 to 1949 inclusive were paid by the insured. No written request for a change of beneficiary was ever made and the policy was not delivered to the defendant or its agent but remained in the home of the insured until his accidental death on March 26, 1950. The plaintiff made proof of loss as beneficiary under the policy.

The only fact over which there appears to be a dispute is as to whether the insured orally requested the local agent of defendant to change the beneficiary of the policy to the plaintiff. However, in view of this court's decision on the controlling question raised by this appeal, such disputed fact is not material.

It is the defendant's contention that the plaintiff cannot recover in this suit because she does not qualify as the designated beneficiary in the policy of insurance.

Relied upon as supporting this contention are the facts that the only thing done by the insured to effect a change of beneficiary was his oral request made to the defendant's agent who, under the provisions of the policy, had no authority to make any changes therein and that said policy bears no endorsement by an executive officer of the defendant indicating its approval of a change in the beneficiary thereunder.

The plaintiff's answer to this argument of defendant is that by accepting payment of the annual renewal premiums subsequent to the insured's oral request for a change of beneficiary the defendant waived its right to insist upon compliance with the provision of the policy requiring the endorsed approval of an officer of the company of any change therein.

It is a well established rule that the right of an insured to change beneficiaries under an insurance policy is dependent upon the terms of such policy. Equally well recognized is the right of the insurer to require strict compliance with these terms by an insured seeking to make such change. *Equitable Life Assur. Society v. Stilley,* 271 Ill. App. 283; *Kurgan v. Prudential Ins. Co.,* 340 Ill. App. 178; *Young v. American Standard Life Ins. Co.,* 398 Ill. 565.

Were it not for such rule an insurer would be without protection in paying the proceeds of a policy to anyone other than the original beneficiary. Obviously the denial of an insurer's right to insist upon strict compliance with the insurance contract in changing beneficiaries thereunder could only result in needless controversy between rival claimants to the insurance proceeds.

In the instant case there is no uncertainty as to the provisions of the policy with reference to the manner in which a change of beneficiary may be effected. It plainly states that no change therein will be valid unless approved by an executive officer of defendant company

and unless such approval is endorsed thereon. It is admitted by the plaintiff that the policy bears no endorsement by an officer of defendant indicating its approval of a change in beneficiary. So far as the policy itself is concerned, it contains nothing indicating any right or interest of the plaintiff thereunder. Since the defendant can be held liable for the proceeds of the policy only to the person designated as the beneficiary, the plaintiff cannot recover unless she qualifies as such designated beneficiary.

Plaintiff argues that the defendant is liable despite the failure of the insured to comply with the provisions of the policy on the theory that such provisions have been waived by the defendant. In support of such contention the court's attention is directed to the cases of *Germania Life Ins. Co. v. Koehler,* 168 Ill. 293; *Phenix Ins. Co. v. Grove,* 215 Ill. 299; *Sun Life Ins. Co. of Canada v. Williams,* 284 Ill. App. 222; and *Kurgan v. Prudential Ins. Co., supra.* None of these cases can be held to sustain plaintiff's position.

The *Germania* and *Phenix* cases involved forfeiture provisions contained in the policies on which suit was brought. In both cases the defendant accepted premiums after notice of a breach of a forfeiture provision. Upon suit being instituted, the company's defense was that the policy had been forfeited. In each case the court held that the acceptance of premiums with knowledge of the plaintiff's breach of the forfeiture provision constituted a waiver thereof. The *Sun Life Insurance* and *Kurgan* cases affirm the established propositions that where an insurance company files an interpleader, brings the proceeds of a policy into court and asks the court to adjudge the rights of contesting claimants, the insurer waives strict compliance with the provisions of the policy. However, in these cases the company was not, as is the defendant here, defending in a suit brought to recover the proceeds of a policy.

27

The question upon which determination of this appeal depends is whether, under the particular facts involved herein, the defendant retained the right to insist on strict compliance with the provision of the policy in changing beneficiaries.

█ In compliance with the statutory requirement the policy contained the standard provision indicating the method which must be followed in order to make a change therein. (Subparagraph (1) (a) of paragraph 969a, chapter 73, Illinois Revised Statutes, 1953 [Jones Ill. Stats. Ann. 66.1032(1)].) The language of this provision is plain and unambiguous. Its purpose was to avoid the creation of situations such as that presented by the instant case. The defendant must be said to be within its right in relying on such provision. Compliance therewith would have precluded any uncertainty or confusion as to the identity of the person entitled to receive the benefits from said policy.

█ Where a policy provides that a change of beneficiary may be effected by the insured only with the approval of the insurer, the general rule is that no such change is effective unless such approval has been given. 19 A.L.R.2d, 22; *Freund v. Freund,* 218 Ill. 189; *Young v. American Standard Life Ins. Co., supra;* and *Equitable Life Assur. Society v. Stilley, supra.*

██ This court is not unmindful of the rule that in certain cases substantial compliance with the requirements of the policy governing the insured's rights to change beneficiaries is sufficient but this rule is only applicable where the insurer has waived strict compliance. In the instant case there was no such waiver by the defendant but, on the contrary, it insists on strict compliance with the provision of the policy governing a change of beneficiary.

Application of the foregoing principles to the decisive question raised on this appeal compels this court to the conclusion that the plaintiff is not the designated

beneficiary in the policy on which she seeks to recover. For this reason the judgment of the trial court will be reversed.

*Reversed.*

MR. JUSTICE HIBBS took no part in the consideration or decision of this case.