VIRGINIA L. SEIPEL, Plaintiff-Appellee, *v.* STATE EMPLOYEES' RETIREMENT SYSTEM *et al.,* Defendants—(FLORENCE SEIPEL, Defendant-Appellant.)

(No. 11513;

Fourth District—November 8, 1972.

Drach, Terrell & Deffenbaugh, of Springfield, for appellant.

Thomas F. Londrigan, of Springfield, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Sangamon County in a proceeding for judicial review of an administrative decision of the State Employees' Retirement System of Illinois. The State Employees' Retirement System, after hearing, ordered that the benefits payable upon the death of its member, Jerry Dean Seipel, be paid to his estate. Claims had been filed for the benefits by Mrs. Florence Seipel, Jerry's mother, as the nominated beneficiary, and by Mrs. Virginia Seipel, Jerry's widow, who had been convicted of voluntary manslaughter of him.

Upon the filing of such claims, the Retirement System requested an opinion of the Attorney General, who gave an opinion in favor of the mother as the designated beneficiary. Later, at the administrative hearing, the hearing officer held that no qualified survivor's annuity beneficiary remained, since the wife was not eligible due to her conviction of voluntary manslaughter of her husband. The hearing officer found that there was no effective nomination of a beneficiary by the member. He held that the death benefits of $7,551.30 were payable to the member's estate in accordance with Ill. Rev. Stat. 1969, ch. 108½, par. 14—154 (a). He ordered the funds be paid to the Administrator of the Estate of Jerry Dean Seipel, deceased.

The widow filed a motion to reconsider, which was denied.

By agreement of the parties, the Retirement System paid the disputed proceeds into court and was dismissed as a party, with the proceeds to await determination by the court of its proper disposition.

Upon a complaint for administrative review, the circuit court affirmed the findings and order of the Retirement System. This appeal is from that judgment.

Seipel, as a member of the State Employees' Retirement System of Illinois, on November 6, 1957, executed a designation of beneficiary form for death benefits, designating his mother, Florence Seipel, as beneficiary. However, his mother signed in the space on the form which was provided for the employee's signature, rather than the space provided for name designation of the beneficiary. On June 20, 1966, the Retirement System notified Jerry Dean Seipel of the mistake and requested he execute a new "change of beneficiary" form. Such form was furnished with the letter.

After Seipel's death, a fellow employee found the new change of beneficiary form in Seipel's desk. This form again designated Seipel's mother, Florence, as his beneficiary. It was signed but not notarized. Thereafter, this form was forwarded to the Retirement System.

Jerry Dean Seipel married Virginia in 1959. On October 11, 1966, he died of gunshot wounds inflicted by his wife, Virginia. She was convicted of voluntary manslaughter. Thereafter, the administrative hearing was held on the claims of the mother and of the widow.

The first issue presented is whether the finding and order of the administrative body in determining there was no effective nomination of a beneficiary was against the manifest weight of the evidence.

There are two lines of decisions in this country on effectiveness of designation of beneficiary in pension or benefit plans. One is that laid down in *Watenpaugh v. State Teachers Retirement System*, 51 Cal.2d 675, 336 P.2d 165, where the beneficiary designation form was properly filled out, but not filed and was in the employee's desk at his death. There the court held that "a clear manifestation of intention" to designate a specific beneficiary is sufficient when filed promptly after death of the member. It refused to follow the strict requirements of ordinary life insurance contract rules of delivery of nomination of beneficiary forms, based upon the rationale that membership in a retirement system is compulsory, while life insurance contract requirements are negotiable. 5 A.L.R.3d 643.

A stricter rule has been applied in certain other states, adopting the rules applied to life insurance contracts. In Illinois, in life insurance contract beneficiary cases, the court has held that a substantial compliance

with the policy requirements must have been followed. Thus, in *Begley v. Miller* (1907), 137 Ill.App. 278, and *Freund v. Freund* (1905), 218 Ill. 189, 75 N.E. 925, substantial compliance with the life policy requirements was deemed essential. See also Joyce on *Insurance*, p. 203.

■■ The principle to follow is substantial compliance with the statutory provisions and applicable rules of the retirement system. Intention alone should not govern, as such a rule might well result in the application of unmanifested acts and be based upon unfounded assumptions, actually not justified. There is no presumption as to the deceased member's intention at the date of his death.

■■ The decision and finding of the administrative body is not against the manifest weight of the evidence, nor is it contrary to law. Rather the decision is in accord with the evidence and the law.

The second issue is whether a member's widow is disqualified from receiving survivor benefits of the member's pension system by her conviction of voluntary manslaughter of the member. There are no statutory provisions in applicable art. 14 of the Illinois Pension Code. However, in *Wilson v. Board of T. of State Univ. R. System* (1969), 108 Ill.App.2d 210, 246 N.E.2d 701, it was held that a beneficiary was disqualified where the status of beneficiary was brought about by the *intentional* killing of the participant (member) through either murder or voluntary manslaughter. In that case, art. 15 of the Illinois Pension Code governing the State University Retirement System was involved.

The public policy of this State, prior to enactment of the present Probate Act of Illinois, was pronounced in *Wall v. Pfanschmidt* (1914), 265 Ill. 180, to the effect that no forfeiture of property rights shall follow conviction of a crime. This case interpreted the then applicable Statute of Descent. Subsequently, in 1939, the Statute of Descent was amended (Ill. Rev. Stat., ch. 3, par. 15 (a) ), to provide that "a person who is convicted of *murder* of another shall not *inherit* from the murdered person or acquire as surviving spouse or otherwise under this Act any interest in the estate of the decedent by reason of his death * * *." (Emphasis added.)

In *Wilson*, we said:

"* * * [I]t would be a fracturing of present public policy not to bar as a claimant one convicted of voluntary manslaughter. To permit a claimant to benefit under a public retirement plan when such claimant has been convicted of the unlawful, intentional killing of the person through whom the benefits are claimed without a reasonable belief in the necessity of such killing is, we think, not only to permit one to benefit by his or her own wrong, but *is* fundamental injustice * * *."

■■ The circuit court correctly decided the widow was disqualified as a "survivor" under the retirement system since she caused her husband's death by her intentional killing of him, *i.e.*, voluntary manslaughter.

■■ The issue of whether or not the widow is to be excluded from the distribution, if any, of the death benefit proceeds was not properly before the circuit court on the administrative review. The administrative order under review provided for payment of the proceeds to the administrator of the estate. This record suggests that administration is proceeding in the circuit court, probate division, and such portion of the circuit court order purporting to decide subsequent distribution was improperly injected into the administrative review proceedings. Since the circuit court was without jurisdiction to determine any issues with reference to the probate proceedings, the portion of the order that relates to those proceedings is mere surplusage. The order of the circuit court affirming the State Employees' Retirement System determination of payment to the administrator is affirmed.

Judgment affirmed.

TRAPP, P. J., and SIMKINS, J., concur.