TRAVELERS INSURANCE COMPANY, Plaintiff-Appellant, *v.*
LISA M. SMITH, Defendant-Appellee.—
(C. FLOYD SMITH, Defendant-Appellant.)

First District (4th Division)    No. 81-1169

Opinion filed April 22, 1982.

Hennessy, Faraci, Tassone & Cihak, of Chicago, for appellants.

Hyman Riebman and Edward A. Warman, Ltd., of Skokie, for appellee.

JUSTICE ROMITI delivered the opinion of the court:

Plaintiff, a life insurance company, filed an interpleader action to determine who was entitled to the proceeds of a life insurance policy. Insured, covered by a group life insurance policy, had filled out a change of beneficiary form but his employer had rejected it because it was witnessed by only one person. Insured obtained a second witness' signature, but the form was not returned to the employer before insured's death. The trial court granted summary judgment for the original beneficiary. We reverse and remand, holding that such judgment is not warranted by the evidence presently before the court.

Plaintiff, Travelers Insurance Company, being confronted with two different claims to the proceeds of an insurance policy, filed an interpleader action; the proceeds of the policy have been paid into court and deposited in an interest-bearing account, and Travelers has been discharged. The original beneficiary filed a motion for summary judgment which was granted.

The sole evidence before the court discloses that sometime in 1978 (perhaps even earlier), the deceased became insured through his employer under a group life insurance policy issued by Travelers. On September 6, 1978, he designated his wife, Lisa M. Smith, the appellee, as his beneficiary. In pertinent part the policy provided that "any employee insured hereunder may designate a new beneficiary at any time by filing with the Employer a written request for such change on forms furnished by the Company, but such change shall become effective only upon receipt of such request at the office of the Employer where the record of the Employee's insurance is maintained."

In 1980 insured and his wife separated. Insured obtained a change of beneficiary form. This form was filled out, signed by the insured and dated May 17, 1980. However although two lines were provided for witnesses, insured at that time obtained the signature of only one witness. The form did not expressly require the signature of two witnesses. Indeed, although the line for the employee's signature bore the legend "signature of employee," the lines for the witnesses' signatures bore no legend.

At some unspecified time this form was delivered by insured to his employer. And again at some unspecified time the employer returned the form to him with a form letter instructing him that two witnesses were required. There is no evidence that this letter was given to insured before he first filled out the form. There is also no evidence as to whether the requirement of two witnesses was one imposed by Travelers or was imposed, without authority, by the employer. It is noteworthy that while the form said it was signed in the presence of the witnesses, the employer did not request insured to fill out and sign a new form but simply required him to obtain a second signature.

Insured died on August 31, 1980. On September 15, 1980, his employer found an intercompany envelope in insured's locker. In the envelope was the change of beneficiary form; the second witnessing signature had been added.

■■ In most modern life insurance policies, like the one involved in this case, the insured is free to change the beneficiary at any time and the designated beneficiary has no vested interest in the policy. (*Davis v. Metropolitan Life Insurance Co.* (1936), 285 Ill. App. 398, 2 N.E.2d 141; 2 Appleman, Insurance Law & Practice §901 (1966).) Obviously before the designation can be changed, the insured must intend to change the beneficiary. But mere intent is not enough; there must be at least some overt act evidencing this intent. (*Tatelman v. Tatelman* (1975), 25 Ill. App. 3d 678, 323 N.E.2d 821, *appeal denied* (1975), 58 Ill. 2d 599; 2 Appleman, Insurance Law and Practice §963 (1966).) Where the insurer has specified in the policy the method for changing the beneficiary normally some type of compliance with the policy terms is required. Illinois, in accordance with the majority of States, generally only requires that the insured substantially comply with the policy terms (*Tatelman v. Tatelman* (1975), 25 Ill. App. 3d 678, 323 N.E.2d 821, *appeal denied* (1975), 58 Ill. 2d 599; *Seipel v. State Employees' Retirement System* (1972), 8 Ill. App. 3d 182, 289 N.E.2d 288; *Begley v. Miller* (1907), 137 Ill. App. 278; and see *Supreme Council of the Royal Arcanum v. Huckins* (1911), 166 Ill. App. 555; *Delaney v. Delaney* (1897), 70 Ill. App. 130, *aff'd* (1898), 175 Ill. 187, 51 N.E. 961), particularly where, as here, the insurer has filed an interpleader action. (*Kitchen v. North American Accident*

*Insurance Co.* (1954), 2 Ill. App. 2d 23, 118 N.E.2d 48; *Kurgan v. Prudential Insurance Co. of America* (1950), 340 Ill. App. 178, 91 N.E.2d 620, *appeal denied* (1950), 406 Ill. 625; *O'Donnell v. Travelers Insurance Co.* (1947), 332 Ill. App. 222, 74 N.E.2d 735, *appeal denied* (1948), 398 Ill. 629; *Sun Life Assurance Co. of Canada v. Williams* (1936), 284 Ill. App. 222, 1 N.E.2d 247.) Requiring the insured to at least substantially comply with the policy provisions ensures that his intent is clearly manifested. But technical compliance with the policy provisions is solely for the benefit of the insurer, to protect it from paying the wrong person and being forced to pay twice. (*Kitchen v. North American Accident Insurance Co.* (1954), 2 Ill. App. 2d 23, 118 N.E.2d 48; *Kurgan v. Prudential Insurance Co. of America* (1950), 340 Ill. App. 178, 91 N.E.2d 620, *appeal denied* (1950), 406 Ill. 625; 2A Appleman Insurance Law and Practice §1042 (1966).) Interpleader protects the insurer from any danger of double liability. Accordingly where interpleader has been filed, it would be unreasonable to use technical requirements to defeat the clear and manifested intention of the insured; rather, the " '* * * courts of equity seek to do that which the insured apparently intended to have done. * * *' " *Sun Life Assurance Co. of Canada v. Williams* (1936), 284 Ill. App. 222, 226, 1 N.E.2d 247, 248.

Appellee relies on *Freund v. Freund* (1905), 218 Ill. 189, 75 N.E. 925, and *Young v. American Standard Life Insurance Co.* (1947), 398 Ill. 565, 76 N.E.2d 501, as holding that the filing of an interpleader action does not waive the need for strict compliance. *Freund* involved in part the interpretation of a New York statute. Decided in 1905, before insurance law on this issue had been well established, it has not been followed in the State. *Young* merely held that an insurer could not, by filing an interpleader action, waive conditions set forth by the *insured* and distinguished such cases as *Sun Life* because there insurer was waiving its own requirements. As noted in *Kitchen*, the doctrine that the insurer's filing of an interpleader action waives strict compliance is well established in this State.

■■ The policy required the insured to fill out a form furnished by the insurer and file it with the employer. Insured did fill out the form, and he did file it with the employer. It follows that if the requirement of two witnesses was a requirement not of the insurer but imposed without authority by the employer, the employee strictly complied with the policy requirements, particularly since there has been no contention that it was not filed at the office where the insurance records were kept. (We note, however, that if due to the employer's rejection of the form, the form never reached that office, this would not prevent the change of beneficiary from becoming effective.) (*Sun Life Assurance Co. of Canada v. Williams* (1936), 284 Ill. App. 222, 1 N.E.2d 247.) The same would be true

if the requirement of two witnesses was a requirement of the insurer but this requirement was not communicated to the insured before he originally filed the form. Any limitations and conditions in a policy must be clear and conspicuous (13 Appleman, Insurance Law and Practice §7403 (1976)), and certainly two blank lines with no legend of any kind cannot be considered to clearly convey the fact that the signatures of two witnesses are mandatory and their absence would invalidate the change.

However, even if we assume that the insurer did require the signatures of two witnesses and that the insured was informed of this requirement when he was first given the insurance form, it would appear, absent evidence to the contrary, that at least the requirement of two witnesses rather than one was not for the purpose of manifesting the intent of the insured but merely to protect the insurer. This, then, would be the type of technical requirement waived when the insurer filed its interpleader action. That the requirement was regarded as purely technical is indicated by the fact that although the form says "I have hereunto subscribed my name * * * in the presence of" with two lines underneath for the signature of the witnesses, the employer did not instruct the employee to fill out and sign a new form but simply to add a witness.

Accordingly, the real question is not whether the employee at least substantially complied with the policy requirements when he filed the form with his employer in May. It appears that he did. The question rather is whether the insured's retention of this form for some unknown period after it was returned to him, on some as yet unestablished date, either vitiated this substantial compliance or manifested a change in the insured's intent to change the beneficiary. As this court has repeatedly stated, summary judgment can only be granted where there is no question of material fact and the moving party is beyond doubt entitled to recovery. (*Cuthbert v. Stempin* (1979), 78 Ill. App. 3d 562, 396 N.E.2d 1197, *appeal denied* (1980), 79 Ill. 2d 630.) This is not the situation here.

It is clear from *John Hancock Mutual Life Insurance Co. v. Douglass* (7th Cir. 1946), 156 F.2d 367, where the insured's compliance with the policy requirements was much less than the compliance here, that if the insured died shortly after the form was returned, there still was substantial compliance. In *Douglass* the form was rejected because (1) it was signed with initials rather than the full first name of the insured, (2) there was no witness to the signature, (3) the new beneficiary's name was not entered. The agent prepared a new form which was not completed because insured died a few days later. The court of appeals noted that the insurer has no interest in the matter except in carrying out the intentions of the policyholder, and when an insured takes a positive action which evidences his obvious desire for a change of beneficiary, the court will adopt such construction as will assist in carrying out such intention. It then held that

there was sufficient positive action on the part of the insured to manifest his intention to make the changes which he then carried into effect by written request on the insurer's form.

But even if it should be determined that the form had been returned to the insured more than a few days before and there was no excuse for the delay in returning it to the employer, as there was in *Thompson*, it would seem that the determination of the effect of this delay is one for the trier of fact, which must determine how long is a reasonable time for returning the form, and whether any unreasonable delay manifests a change in the insured's intention or otherwise vitiates the substantial compliance present in May. Questions as to the effectiveness of a change of beneficiary are generally for the jury (*Bohannon v. Manhattan Life Insurance Co.* (5th Cir. 1977), 555 F.2d 1205; *Skamoricus v. Konagiskie* (1935), 318 Pa. 128, 177 A. 809; 22 Appleman, Insurance Law & Practice §12871 (1979)), and this case is no exception.

*Seipel v. State Employees' Retirement System* (1972), 8 Ill. App. 3d 182, 289 N.E.2d 288, relied on by appellee is not in point. In *Seipel* the beneficiary signed in the space on the form provided for the employee's signature; where the employee signed, if he signed at all, is not stated. In June the retirement system notified the employee of the mistake and requested he execute a new change of beneficiary form. After the employee's death nearly four months later, a fellow employee found the new change of beneficiary form in the employee's desk. It was signed but not notarized. The appellate court simply held that the decision and finding of the administrative body that there was no substantial compliance was not against the manifest weight of the evidence, nor was it contrary to law. The court did not state that there had been no substantial compliance as a matter of law even though the employee had been required, unlike the employee here, to fill out a new form.

Accordingly the judgment of the trial court is reversed and the case remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

JOHNSON, P. J., and JIGANTI, J., concur.