Diana L. EMERY, Plaintiff,

v.

NATIONAL LIFE & ACCIDENT INSURANCE COMPANY, Defendant and Counter-claim Plaintiff,

and

Don JAMES, Defendant,

v.

Jack L. EMERY, Counterclaim Defendant.

Civ. No. 84-3194.

United States District Court, S.D. Illinois.

June 28, 1985.

Charles E. Hamilton, Ltd., Belleville, Ill., for plaintiff.

Carl W. Lee, Belleville, Ill., John H. Quinn, III, St. Louis, Mo., W. Thomas Coghill, Jr., Belleville, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is counterclaim defendant Jack Emery's Motion for Summary Judgment (Document No. 26).

Deceased Charles Emery purchased a life insurance policy naming his uncle, Jack Emery as beneficiary. Thereafter, Charles married the plaintiff, Diana Emery. The plaintiff alleges that after this marriage Charles instructed Don James, an agent of National Life and Accident Insurance Co. (National), to change the named beneficiary from Jack to Diana. The policy was never changed. After Charles' death, the plaintiff filed a two-count complaint in St. Clair County against the defendants seeking payment of the insurance proceeds of $20,-000 and payment of $5,000 punitive damages for vexatious delay in the payment of proceeds. The defendants removed the case to this Court and National counterclaimed interpleader alleging that both Diana Emery and Jack Emery have made claims to the proceeds. Jack Emery then filed a counterclaim against National Life seeking payment of the proceeds plus punitives for vexatious delay. On July 10, 1984, National Life deposited $20,591.22 with the registry of this Court. On October 29, 1984, this Court granted National's request to allow this action to proceed as an interpleader action. However, due to the two vexatious delay claims the Court refused to dismiss National from the case.

Jack Emery now moves for summary judgment arguing that the deceased's actions in attempting to change the policy were ineffective as a matter of law since he did not perform some overt act which complied with the requirements for changing the beneficiary under the policy. Diana Emery opposes the motion contending that a material issue of fact exists as to whether or not the deceased's statements to James constituted an overt act.

Summary judgment is appropriate only where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact. *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984). The Court must view the evidence, and the reasonable inferences to be drawn therefrom, in the light most favorable to the party opposing summary judgment. Where the moving party fails to meet its strict burden of proof, summary judgment cannot be entered even if the opposing party fails to respond to the motion. *Yorger v. Pittsburg Corning Corp.*, 733 F.2d 1215 (7th Cir.1984).

Where the moving party has met its initial burden and the opposing party asserts the existence of a question of fact, the Seventh Circuit has identified two considerations to be used in determining whether summary judgment is proper. The Court must determine whether the non-moving party has established that there is a genuine issue as to the fact.

To create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is a genuine issue for trial ... A party may not rest on mere allegations or denials of his pleadings; similarly, a bare contention that an issue of fact exists is insufficient to raise a factual issue.

*Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Furthermore, the disputed fact must be material, that is, it must be outcome-determinative under the applicable law. *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.) (en banc), *cert. denied,* —— U.S.——, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

■ The insurance policy here, like most modern policies, allowed the insured to change the beneficiary at any time. In order to effectuate the change under the policy in question, the deceased was required to fill out and sign a change of beneficiary request form. It is undisputed that he failed to do so. In such situations, courts have been willing to read into the policy the change when the insured intended to make the change *and* took positive action towards effectuating that end. *Dooley v. James A. Dooley Associates, Etc.,* 92 Ill.2d 476, 65 Ill.Dec. 911, 916, 442 N.E.2d 222, 227 (1982). "Requiring that the evidence establish an unequivocal intent on the insured's part and that he take positive action to change his beneficiary serves two purposes: doubt as to intent is eliminated and concrete evidence of that intent is provided the payor." 65 Ill.Dec. at 916, 442 N.E.2d at 227. The positive action must be a concrete attempt to carry out his intention as far as was reasonable in his power. *Id.* Preliminary steps are insufficient.

In the instant case, the facts taken in the light most favorable to the plaintiff and as gleaned from her deposition are as follows: The policy at the date of death designated Jack Emery as the beneficiary. This designation was never formally changed. The insured was aware that he had to fill out and sign a form to effectuate the change. The plaintiff's deposition indicates that the insured made repeated efforts to secure the proper form from the agent during the three month interval between the insured's marriage to the plaintiff and the insured's death. The plaintiff indicated in her deposition that she and the insured felt that the agent was experiencing emotional difficulty due to the agent's marital problems, and that this difficulty caused the agent to continually forget to bring the form.

Without attacking the intent portion of the *Dooley* requirements, Jack Emery contends that the insured's actions in repeatedly requesting the form from the agent were insufficient. Stated another way, the insured did not do all that was reasonably in his power. The plaintiff contends that an issue of material fact exists as to whether the insured complied with the insurer's instructions. Overlooking the fact that the policy requires a written request in order to change the beneficiary, the plaintiff finds solace in a statement provided on the premiums receipt book which urges the insured to contact the agent when service or information is desired. Further, the plaintiff submits that her payments of the premiums on the policy prior to her marriage constituted the requisite evidence of positive action or at least shows that an issue of material fact exists as to that point.

Assuming the plaintiff's version is true, the Court must decide whether the insured did all that he reasonably could do under the circumstances. In other words, assuming that the insured had the requisite intent, and assuming that he and his wife made repeated efforts to secure the request form from the agent, together with the fact that the premiums booklet urged the insured to contact the agent, were these actions all the insured could reasonably do under the circumstances? The Court believes that they were not.

The Court feels obliged to pause and discuss the posture of this case and the positions of the parties. As in any case, there are questions of fact, questions of

law, and mixed questions of fact and law. In this case, what the insured did or did not do are questions of fact to be determined by the trier of fact. The legal standard to apply to these actions is a question of law to be determined by the judge. Whether or not his conduct comported with this standard is a mixed question of law and fact to be decided by the trier of fact. In a jury case, the mixed questions of law and fact are decided by the jury after being instructed by the judge.

Applying these principles to the case at hand, Jack Emery concedes only for purposes of this motion that the facts are as the plaintiff describes them in her deposition. The Court has already determined that the law requires the insured to do all he reasonably could do under the circumstances to effectuate the change. Therefore, for purposes of this motion, the facts are not in dispute and the law to apply to these facts is decided. The only issue remaining is whether or not the insured did all he reasonably could do under the circumstances. Such a question is a mixed question of law and fact that would be decided by the trier of fact. *See Travelers Insurance Co. v. Smith*, 106 Ill.App.3d 318, 62 Ill.Dec. 216, 220, 435 N.E.2d 1188, 1192 (1982). Had this been a jury case, the Court would have denied this motion and left such a determination for the jury. Stated in summary judgment phraseology, a material issue of fact would remain as to whether or not the insured did all he reasonably could do under the circumstances. Here however, the Court is the trier of fact and it has to decide whether or not the insured did all he could reasonably do under the circumstances. While an issue of material fact remains, the Court sees no reason to wait until trial to decide such a mixed question of law and fact, when, assuming the insured did all the plaintiff says he did, the Court believes he could have reasonably done more.

■ The Court's holding is a narrow one. When, for purposes of a motion for summary judgment, the pure questions of fact are not in dispute and all that remains is a mixed question of law and fact or an application of the law to the facts, a court, as trier of fact in a non-jury case, may decide such a question in granting the motion. In every case, the Court must be sure that the opposing party's entire version is before the Court and that such issues as credibility and demeanor would not aid in the court's determination.

Such a practice is not entirely new. Courts have traditionally stated that summary judgment should be granted if a directed verdict would be proper. *Wright, Miller & Kane*, Federal Practice and Procedure: Civil 2d § 2713.1 n. 11. The rationale being that the standard for both motions is almost identical. *Id.* One court has also held that summary judgment should be granted if a judgment notwithstanding the verdict would be entered against the party opposing the motion. *Time, Inc., v. McLaney*, 406 F.2d 565 (5th Cir.1969), *cert. denied*, 395 U.S. 922, 89 S.Ct. 1776, 23 L.Ed.2d 239 (1970). This Court would not go so far as to say that a summary judgment should be granted if a motion for voluntary dismissal would be granted since on a motion for voluntary dismissal at the close of the plaintiff's case in a non-jury action, the Court is free to weigh the evidence and make its own findings of fact. The Court does believe, however, that when the plaintiff's facts are taken as true, and are viewed in the light most favorable to the plaintiff, and the Court is confident that the plaintiff's entire version is before the Court, the Court is free to decide a mixed question of law and fact in a summary judgment motion. The Court is ever mindful of the fact that the plaintiff's right to a full trial of any disputed fact issue should be preserved. However, when nothing further will be gained by trial which will aid in the Court's determination of the matter, the Court should be free to decide the matter on summary judgment and save the litigants the time and expense of trial.

■ Here, the Court believes that the insured did not do all he could have reasonably done to change the beneficiary. First,

the Court notes that in addition to contacting the agent, the statement on the premium booklet urges the insured to contact the local office or home office. (Plaintiff's Exhibit A). Second, according to the plaintiff, the insured was well aware of the requirements of a request form to change the beneficiary. (Plaintiff's deposition Page 18, 21, 23). Third, according to the plaintiff the insured believed that the agent's marital difficulties were upsetting him and that this caused his forgetfulness regarding this form. (Plaintiff's deposition Page 23). Fourth, although the plaintiff paid the premiums prior to their marriage from her checking account, the plaintiff admits in her deposition that the insured did not have a checking account and that the insured contributed to her account. (Plaintiff's deposition Page 20). In any event, the law requires positive action on the insured's part and not the plaintiff's part. Fifth, the insured and the plaintiff were married three months prior to the insured's death during which time the insured was fully capable of securing a form from the home office. (Plaintiff's deposition Page 22). In fact, according to the plaintiff, the insured told her ten days before his death to get the address and write the base office for a form. (Plaintiff's deposition Page 24). Finally, the Court believes that had the insured truly intended to change the beneficiary he would have done so immediately. The plaintiff indicates in her deposition that the insured always believed that he was going to die young. (Plaintiff's deposition Page 9). Further, the insured was shot on two different occasions. (Plaintiff's deposition Page 15 and 16). In the Court's opinion, a man who believes he will die young, who has been shot twice, who knows the procedure for effectuating a change, and who knows that his agent is having personal problems and has not provided him with the requested form for three months, has not done all that he reasonably could do under the circumstances. Taking the evidence in the light most favorable to the plaintiff, the Court finds that the counterclaimant Jack Emery is entitled to judgment as a matter of law.

Accordingly, the Court GRANTS the counterclaimant's Motion for Summary Judgment (Document No. 27). Count I of the plaintiff Diana Emery's complaint seeking payment of the proceeds and damages for vexatious delay in paying them is hereby DISMISSED with prejudice. With respect to the interpleader action, the Clerk is directed to enter judgment for the proceeds in favor of Jack Emery and against Diana Emery. The Clerk is further directed to transfer to the counterclaimant Jack Emery, the $20,591.20 National Life Insurance Co. deposited with the Court, plus the interest this money earned in the account.

■ With respect to Jack Emery's claim against the insurer for vexatious delay in payment of the proceeds, the Court is of the opinion that in light of above facts Jack Emery's claim should be dismissed as a matter of law. An insurer, caught between two claimants to the proceeds, and who appropriately seeks interpleader, can hardly be vexatious in its delay in the payment of the proceeds. However, since neither party has briefed this issue, the Court will DISMISS the claim with prejudice with leave granted Jack Emery to show this Court within ten (10) days from the date of this Order the merits of such a claim. Accordingly, the counterclaimant Jack Emery's claim against National is hereby DISMISSED with prejudice and with the above reservation. As the Court perceives the matter, the only remaining claim to be tried is the plaintiff's claim for negligence against the agent Don James.

IT IS SO ORDERED.