*In re* ESTATE OF JERRY DEAN SEIPEL, Deceased.—(CHARLES KENNEY, Adm'r of the Estate of Jerry Dean Seipel, Deceased, *et al.*, Petitioners-Appellees, *v.* FLORENCE SEIPEL *et al.*, Respondents-Appellants.)

(No. 12694;

Fourth District—June 5, 1975.

Drach, Terrell and Deffenbaugh, P. C., of Springfield, for appellants.

Thomas F. Londrigan, of Londrigan, Potter & Billington, of Springfield, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Virginia Seipel, appellee herein, was convicted of voluntary manslaughter in connection with the death of her husband, Jerry Dean Seipel, a member of the State Employee's Retirement System. Litigation over rights to his pension under the Illinois Pension Code (Ill. Rev. Stat. 1967, ch. 108½, par. 1—101 *et seq.*) culminated in this court's decision that since it would be a fundamental injustice to allow Virginia Seipel to benefit by her own wrong she must be disqualified from receiving any benefits under her husband's State pension. At the same time this court ruled that Jerry Seipel's mother, whom he had attempted to designate as his beneficiary, could not take because of certain irregularities in the designation of beneficiary form. Thus, the proceeds of the pension, $7551.30, was ordered paid to the administrator of Jerry Seipel's estate. *Seipel v. State Employees' Retirement System,* 8 Ill.App.3d 182, 289 N.E.2d 288.

The present appeal arose when the circuit court ruled that, notwithstanding the voluntary manslaughter conviction and this court's ruling in *Seipel v. State Employees' Retirement System,* Virginia Seipel was not disqualified from sharing in the proceeds of her husband's estate under

the Illinois Probate Act. That ruling had the practical effect of making Virginia Seipel, as widow and heir to all of Jerry Dean Seipel's personalty, the sole beneficiary of the proceeds of his State pension. Florence Seipel, mother of Jerry Dean Seipel, and her children have appealed that decision as contrary to public policy and tending only to permit indirectly what this court has chosen explicitly to prohibit.

The Illinois Probate Act provides in section 15a:

"A person who is convicted of the murder of another shall not inherit from the murdered person or acquire as surviving spouse or otherwise under this Act any interest in the estate of the decedent by reason of the death, but the estate of the decedent descends and shall be distributed in the same manner as if the person who murdered the decedent died before the decedent." (Ill. Rev. Stat. 1973, ch. 3, par. 15a.)

Virginia Seipel contends, and we agree, that in choosing the specific term "murder", the Illinois legislature established that lesser crimes would not interfere with the detailed system of descent set out in the Illinois Probate Act. In *Wall v. Pfanschmidt,* 265 Ill. 180, 106 N.E. 785, the court confronted the question whether, absent specific language in the statute on descent barring inheritance by a decedent's murderer, the common-law rule that one may not profit by his own wrong would nevertheless bar a murderer from inheriting from his victim. There, the court said:

"If in a statute there is neither ambiguity nor room for construction the intention of the legislature must be held free from doubt. The question as to what the framers of the statute would have done had it been in their minds that a case like the one here under consideration would arise is not the point in dispute. * * * If there were any ambiguity in this statute or if it were the province of the court to settle this question with respect to the descent of property, then the argument of counsel for plaintiffs in error would have weight. When the legislature has spoken in clear and unequivocal language the courts are bound thereby. [Citation.] This court has held that the rules of the common law as to descent and devise have been wholly superseded by our statutes on those subjects.

* * *

'* * * When the legislature has declared, by law, the public policy of the State the judicial department must remain silent, and if a modification or change in such policy is desired the law-making department must be applied to and not the judiciary,

whose function is to declare the law but not to make it.'" 265 Ill. 180, 190-192.

After *Wall v. Pfanschmidt*, the legislature enacted section 15a, barring inheritance by a decedent's murderer. The legislature has declared the public policy of the State and there is no ambiguity to what it has said. Under section 11 of the Probate Act (Ill. Rev. Stat. 1967, ch. 3, par. 11), Virginia Seipel, as widow and in the absence of offspring, is the sole heir to Jerry Seipel's personalty. Had she been convicted of his murder, that inheritance would be barred by section 15a. Her conviction of voluntary manslaughter, however, operates as an acquittal as to murder, so that her conduct falls outside the specific language of section 15a.

Defendants-appellants argue that this court's decision in *Wilson v. Board of Trustees of State Universities Retirement System*, 108 Ill.App.2d 210, 246 N.E.2d 701, espouses a contrary position. In that case, a widow convicted of voluntary manslaughter of her husband sought to receive his benefits under the State University Retirement System. Among other considerations, we noted the common-law policy that no man shall profit by his own wrong, citing *Bradley v. Fox*, 7 Ill.2d 106, 129 N.E.2d 699, for the proposition that one who murders his benefactor cannot acquire or increase his property rights by such action. We concluded:

> "In the face of this history, we think it would be a fracturing of present public policy not to bar as a claimant one convicted of voluntary manslaughter." 108 Ill.App.2d 210, 214.

Our holding in this case is not at odds with *Wilson*. Where the common-law rule that one may not profit by his own wrong has not been superseded by statute, it still enjoys support. But the Illinois Probate Act has superseded the common law on this issue in Illinois and must control where the two systems are in conflict. Given the specific bar against allowing murderers to inherit from their victims and absent any language tending to exclude other felons the trial court was correct in holding Virginia Seipel sole heir to her husband's personalty.

Judgment affirmed.

SIMKINS, P. J., and GREEN, J., concur.