The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Roy Henry FULLER,
Defendant–Appellant.

No. 86CA1157.

Colorado Court of Appeals,
Div. I.

Nov. 10, 1988.

Rehearing Denied Dec. 8, 1988.
Certiorari Granted April 10, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Craig L. Truman, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Roy Henry Fuller, appeals the judgment of conviction entered on a jury verdict finding him guilty of first degree murder and conspiracy to commit first degree murder. The issue on appeal is whether certain statements made at trial were admissible under the residual exception to the hearsay rule found in CRE 804(b)(5). We reverse.

The victim, defendant's grandmother, was killed by defendant's girlfriend. The girlfriend testified at trial that, although

she did the actual killing, defendant had planned and facilitated the murder. In support of her testimony, the prosecutor presented evidence to show hostility by defendant towards the victim. That evidence included testimony by two friends of the victim who related statements made by the victim that defendant had been violent with her in the past. One witness testified that the victim had said that defendant had tried to choke her. The other witness testified that the victim described how defendant had threatened her with a gun.

## I.

■ Defendant first contends that these statements were inadmissible as evidence of prior bad acts under CRE 404(b). We disagree.

Although not admissible to show bad character, evidence of prior violent acts towards the victim is admissible to show motive in homicide cases. CRE 404(b); *Reliford v. People*, 195 Colo. 549, 579 P.2d 1145 (1978), *cert. denied*, 439 U.S. 1076, 99 S.Ct. 851, 59 L.Ed.2d 43 (1979). Therefore, CRE 404(b) does not bar admission of these statements.

## II.

■ Defendant next contends that, even if they were admissible under CRE 404(b), the statements were inadmissible hearsay under the procedures followed. We agree.

The trial court admitted these statements into evidence under CRE 804(b)(5), the residual exception to the hearsay rule. This rule provides for the admission of statements having "circumstantial guarantees of trustworthiness." However, five specific findings are required of the trial court when ruling on the admissibility of evidence under this rule.

First, it must find that the statement is reliable. Factors to be considered include the nature and character of the statement, the relationship of the parties, the probable motivation of the declarant in making the statement, and the circumstances under which the statement is made. The trustworthiness of the statement is then to be balanced against the necessity for admitting it into evidence. *See* 4 J. Weinstein & M. Berger, *Weinstein's Evidence*, 804(b)(5)[01] (1988).

The trial court must also find that the statement is material, has probative value exceeding that of any other available evidence, serves the purposes of the evidentiary rules in the interest of justice, and that proper notice was given. CRE 804(b)(5). No such findings were made on this record.

■ Despite such defect, in cases where the basis of the ruling is obvious and the reviewing court can ascertain from the record that the requirements of the rule were met, it may uphold the admission of such evidence without specific factual findings. *Oldsen v. People*, 732 P.2d 1132 (Colo.1986). However, unlike the circumstances in *Oldsen*, nothing in the record is indicative of the trustworthiness of either statement.

Furthermore, the Senate committee report on the comparable federal hearsay exception, upon which our rule is based, specifies that this exception should be used only in rare and exceptional circumstances. *See Weinstein's Evidence, supra*. We agree with that policy. We therefore hold that the admission of both statements, without the requisite findings, was error.

## III.

■ We also agree with defendant that the error in admitting these statements mandates reversal of the judgment of conviction.

The failure to make the requisite findings violated defendant's constitutional right to confrontation. When a declarant is unavailable, and therefore the defendant is denied the opportunity to cross-examine the declarant at trial, the trial court must determine that the evidence bears sufficient "indicia of reliability" before it is admissible. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). No such determination was made regarding these statements.

If an error by the trial court is of constitutional dimension, reversal is required, un-

less the error was harmless beyond a reasonable doubt. *Graham v. People,* 705 P.2d 505 (Colo.1985), *cert. denied,* —— U.S. ——, 108 S.Ct. 1035, 98 L.Ed.2d 999 (1988). We are not convinced that the admission of these statements was harmless beyond a reasonable doubt.

No similar or corroborative evidence was presented, and this evidence was the only evidence of direct hostility between the victim and defendant. Furthermore, the credibility of the other witnesses who testified on the issue of motive was strongly and successfully put at issue by the defense and that weakness in their credibility was acknowledged by the trial court.

The judgment of conviction is therefore reversed and the cause is remanded to the trial court for a new trial.

HUME and MARQUEZ, JJ., concur.