The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Dwight Allen BOWERS,
Defendant–Appellant.

No. 86CA1408.

Colorado Court of Appeals,
Div. I.

Nov. 17, 1988.

Rehearing Denied Dec. 22, 1988.

Certiorari Granted May 30, 1989.

1094

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Richard A. Hostetler, Deputy State Public Defender, Denver, for defendant-appellant.

HUME, Judge.

Defendant, Dwight Allen Bowers, appeals judgments of conviction entered upon jury verdicts finding him guilty of aggravated incest and of sexual assault on his three-year-old daughter, K. He contends that the trial court erred in admitting K's out-of-court statements as evidence at trial. We agree, reverse and remand.

At the beginning of the trial, the court held a cursory *in limine* hearing to determine K's competency as a witness. That hearing consisted only of the prosecuting attorney's unsuccessful attempts to elicit responses from K, who was then four and one-half years old. The court ruled, without stating any factual findings, that K was incompetent to testify.

The prosecution then made an offer of proof seeking to admit statements that K had previously made at various times to six witnesses. The court did not take any evidence from the witnesses, but only considered the prosecutor's general offer concerning what the evidence would show about how, when, where, and to whom the statements had been given.

Defendant objected to the admission of K's statements, claiming that he had not been given adequate notice pursuant to the statute or rules of evidence, and that insufficient guarantees of trustworthiness had been demonstrated for admission of this hearsay evidence. After hearing argument on the offer and the objections, the court made the following conclusory findings:

"[T]he time, content and circumstances of the statements ... provide sufficient safeguards of reliability....

. . . .

"The child is unavailable as a witness [as] she is not competent to testify....

. . . .

"There is corroborative evidence of the fact which is the subject of the statement ... [because] the witness will include that the child ... described the ... acts ... by using anatomically correct dolls ... and by gesturing toward the doll's

vaginal area [and] to her own mouth.... Those gestures ... will not be hearsay....

....

"[T]he notice [by the prosecution] was reasonable and the particulars of the statement has [sic] been sufficiently furnished to the defendant."

Based on these findings, the court ruled that all of the child's statements were admissible either under the provisions of § 13–25–129, C.R.S. (1987 Repl.Vol. 6A), or CRE 803(24), and CRE 804(b)(5).

### I.

■ In order to admit hearsay statements under the residual exceptions to the hearsay rules set forth in CRE 803(24) and CRE 804(b)(5), specific foundational requirements must be met. The proponent for admission has the burden to establish those fundamental requirements by a preponderance of the evidence. *Oldsen v. People*, 732 P.2d 1132 (Colo.1986); *People v. Fuller*, 772 P.2d 636 (Colo.App.1988).

■ The determination whether such statements are admissible is fact-specific in nature and rests with the trial court. *See* CRE 104(a); *People v. Montoya*, 753 P.2d 729 (Colo.1988).

■ Here, the trial court made no fact-specific findings to support its conclusion that K's various statements to the six witnesses had circumstantial guarantees of trustworthiness equivalent to those provided in the other firmly rooted exceptions set forth in CRE 803 and CRE 804. Moreover, the evidence supporting the findings of K's incompetency and the offer of proof directed to the foundational requirements for admissibility are ambiguous, and thus, they are insufficient to support the court's ruling.

■ In ruling on the competency of a child under 10 years of age to testify, § 13–90–106, C.R.S. (1987 Repl.Vol. 6A) requires only that the court determine whether the child appears *either* incapable of receiving just impressions of fact *or* of relating them truly. Here, K's inability to

respond to questions was sufficient to support the court's finding of her incompetency as a witness. However, in failing to make fact-specific findings of the reasons for K's incompetence, the reliability of her out-of-court declarations remains in doubt. If K's incompetency rested upon her inability, at the time of the alleged act, to receive just impressions of fact, her statements may be inherently unreliable for any purpose. However, if K's incompetence was caused only by her fear or inhibition in the courtroom setting, her out-of-court statements nevertheless may have been inherently trustworthy. Neither the court's findings nor the evidence presented is sufficient to enable us to determine the basis of the court's ruling here.

Similarly, the court's ruling on the circumstances indicating the trustworthiness or reliability of the out-of-court statements does not indicate what factors the court considered persuasive. The court's only reference to facts shown by the prosecution's offer of proof concerned the child's gestures and her use of anatomically correct dolls. However, the dolls were used by only two of the six witnesses, and some of the child's statements were made without accompanying gestures. Since the findings do not suggest which statements are supported by those facts or the nature of other facts indicating that the statements are reliable, we conclude they are deficient.

■ If the basis of the court's ruling is obvious upon our review of the record, it may be sustained even though the supporting facts are not plainly articulated in the ruling itself. *See Oldsen v. People, supra; People v. Fuller, supra.* Here, however, the offer of proof does not sufficiently describe the circumstances under which each of the child's statements was made to enable us to determine the correctness of the ruling. The court's ruling seems to suggest that the circumstances indicating trustworthiness are the same for each of the various statements, although they were given at different times, to different persons, and under widely differing circumstances. Accordingly, we hold that the

court erred in finding the statements admissible under the rules of evidence, based upon the offer appearing in the record.

## II.

Section 13–25–129, C.R.S. (1987 Repl.Vol. 6A) also provides that a child victim's out-of-court statements describing an act of unlawful sexual contact are admissible in criminal proceedings if the time, content, and circumstances of each statement provide sufficient safeguards of its reliability, and, if the child is "unavailable as a witness, there is corroborative evidence of the act which is the subject of the statement."

■ In part I of this opinion, we ruled the findings and evidence insufficient to warrant a conclusion here as to the trustworthiness of the hearsay statements required under the rules of evidence. For the same reason, we also determine that the findings and the offer of proof are insufficient to meet the statutorily mandated safeguards of reliability for each statement.

In addition, here, no evidence was presented or offer of proof made indicating that any other person had either witnessed the alleged acts or had observed physical or psychological symptoms of trauma to the child that would be corroborative of her out-of-court statements concerning the alleged sexual acts by defendant. Nor was there an offer of expert testimony that children of K's age do not ordinarily fabricate incidents of the kind described here, as was the case in *People v. Oldsen, supra.*

The trial court concluded that K's use of anatomically correct dolls and gestures provided the corroboration required by the statute. We disagree.

A "statement" includes "non-verbal conduct intended to be communicative." *See* CRE 801(a). Here, K's gestures were part and parcel of her hearsay statements, *see* CRE 801(c), and were also inadmissible under the statute, absent independent corroborative evidence. Since no corroborative evidence was offered independent of K's statements, the requirements of the statute were not met.

## III.

■ Since the evidence was admitted without a proper determination concerning its reliability, the court's error was of constitutional proportions and requires reversal. *See Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

## IV.

■ Defendant also contends that the court erred in permitting K to appear and be identified to the jury. We disagree. Her age and apparent maturity were factors the jury could consider in determining her dependency upon defendant, and whether the latter was acting in a position of trust in his relation to the child. These issues were relevant to the proceedings, and since defendant has shown no resulting unfair prejudice that would outweigh the probative value of K's limited appearance, we conclude that the appearance was proper. *See* CRE 401, 402, and 403.

## V.

■ Defendant further contends that the court erred in failing to permit him to inform and instruct the jury that K had been found incompetent to testify. We disagree.

Preliminary questions of admissibility of evidence are matters to be determined by the court. CRE 104(a). However, the court's ruling in determining such issues has no bearing upon the weight to be accorded such evidence ultimately submitted to the fact-finder. *See Oldsen v. People, supra; Lancaster v. People,* 200 Colo. 448, 615 P.2d 720 (1980).

## VI.

We find no merit in defendant's contention that the court erred in refusing his theory of case instruction incorporating his argument from the evidence that K's statements may have been induced or influenced by the experiences of another child. *See Marn v. People,* 175 Colo. 242, 486 P.2d 424 (1971).

The judgments are reversed and the cause is remanded for a new trial.

PIERCE and MARQUEZ, JJ., concur.