### In re the ESTATE OF Helen E. WALKER, Deceased.

### Roy Henry FULLER, Appellant,

v.

### ROBERT E. RUSSELL EASTERN STAR HOME OF COLORADO, INC., and St. Paul's Lutheran Church, Appellees.

### No. 91CA0894.

Colorado Court of Appeals,
Div. III.

July 30, 1992.

Rehearing Denied Sept. 24, 1992.

Certiorari Denied March 15, 1993.

Gerash, Robinson & Miranda, P.C., Scott H. Robinson, Denver, for appellant.

Hamilton and Faatz, P.C., Dwight A. Hamilton, Gregory W. Smith, Denver, for appellees.

Opinion by Judge MARQUEZ.

Roy Henry Fuller appeals the probate court's determination that, as a result of his conviction of first degree murder of his grandmother, he is barred from receiving benefits under her will. We affirm.

Fuller was convicted of conspiracy to commit first degree murder and first degree murder in the death of his grandmother, and his conviction was affirmed by our supreme court. *See People v. Fuller*, 788 P.2d 741 (Colo.1990).

The grandmother's will made Fuller the primary beneficiary of her residuary estate and also designated St. Paul's Lutheran Church and the Eastern Star Home of Colorado as contingent beneficiaries. After the direct appeals of the criminal convictions were concluded, the contingent beneficiaries petitioned for distribution of the estate, arguing that, since Fuller had been found guilty of first degree murder, he was not entitled to any benefits under the will pursuant to § 15–11–803, C.R.S. (1987 Repl. Vol. 6B). The probate court agreed and ruled that because of the statute Fuller was deemed to have predeceased his grandmother.

Evidence in the criminal prosecution showed that defendant's girlfriend actually killed the grandmother, but she testified that he had planned and facilitated the murder. *See People v. Fuller*, 772 P.2d 636 (Colo.App.1988), *rev'd on other grounds, supra.* Arguing that because he did not personally commit the homicide, Fuller contends that he cannot be treated as predeceasing his grandmother under § 15–11–803. We reject this contention.

On appeal, Fuller concedes that the prior version of § 15–11–803 would have applied to him as a complicitor in the death of his grandmother. However, he argues that the wording of the current statute is far more narrow in its application. We disagree.

The so-called "slayer" statute was first enacted in 1923 and provided as follows:

Hereafter any person convicted of murder in the first degree or second degree as having *caused the death* of any other

person either *as principal or accessory,* shall not take, either by descent, devise, inheritance or any other manner, any of the estate, real or personal, of deceased.

Colo.Sess.Laws 1923, ch. 195, § 1 at 712 (emphasis added).

In contrast, § 15–11–803 provides in pertinent part that:

> (1) A ... devisee *who kills* the decedent and, as a result thereof, is convicted of ... the crime of murder in the first or second degree or manslaughter, as said crimes are defined in sections 18–3–102 to 18–3–104, C.R.S., is not entitled to any benefits under the will or under this article, and the estate of the decedent passes as if the killer had predeceased the decedent. Property appointed by the will of the decedent to or for the benefit of the killer passes as if the killer had predeceased the decedent.
>
> ....
>
> (5) A final judgment of conviction of murder in the first or second degree or manslaughter, as said crimes are defined in sections 18–3–102 to 18–3–104, C.R.S., is conclusive for purposes of this section. Notwithstanding an acquittal or dismissal, if a court of competent jurisdiction finds by a preponderance of the evidence that a surviving spouse commits murder in the first or second degree or manslaughter, as said crimes are defined in sections 18–3–102 to 18–3–104, C.R.S., such surviving spouse is not entitled to any benefits under the will or under this article, and the estate of the deceased spouse passes as if the killer had predeceased the decedent. (emphasis added)

Section 18–3–102(1), C.R.S. (1986 Repl. Vol. 8B) states that a person commits first degree murder if:

> (a) After deliberation and with the intent to cause the death of a person other than himself, he causes the death of that person or of another person.

■ The first goal of a court in construing a statute is to determine and give effect to the intent of the General Assembly. *People v. Terry,* 791 P.2d 374 (Colo. 1990). To discern that intent, a court should look first to the language of the statute and give effect to words and phrases according to their plain and ordinary meaning. *People v. District Court,* 713 P.2d 918 (Colo.1986). And, it is presumed that an entire statute is meant to be effective and that a just and reasonable result is intended. *People v. Russell,* 703 P.2d 620 (Colo.App.1985).

■ In accordance with these principles, our courts have consistently held that one: "who comes under the complicity statute is equivalent to a principal." *People v. Saiz,* 42 Colo.App. 469, 600 P.2d 97 (1979).

Moreover, § 15–11–803(5), C.R.S. (1987 Repl.Vol. 8B) makes a final judgment of conviction of murder conclusive. In our view, the second sentence of § 15–11–803(5) is inapplicable here since there was neither a dismissal nor an acquittal. And, the just and reasonable interpretation of the statute is that one who has brought about the death of another may not benefit from that conduct. *See Bernstein v. Rosenthal,* 671 P.2d 979 (Colo.App.1983).

■ Further, Fuller's argument concerning the rule of strict construction of criminal statutes cannot be used to defeat the evident intention of the General Assembly. *People v. District Court,* 713 P.2d 918 (Colo.1986).

■ We find no merit in Fuller's assertion that the term "kill" as used in the current statute is obviously different than "caused the death of" another, either as "principal or accessory." Nor do we agree with his assertion that the plain and ordinary meaning of "kill" is limited to "a person who actually inflicts fatal blows, wounds, or instrumentalities upon another person." This interpretation of "kill" would render meaningless that part of the statute which makes a final judgment of conviction of murder conclusive. We thus conclude that the term "kills" as used in § 15–11–803 refers to a person who causes the death of another by bringing about that effect.

A review of the cases from other jurisdictions cited by Fuller reveals that the statutes and the facts in those cases differ

from those at issue here. *See In re Estate of Seipel*, 29 Ill.App.3d 71, 329 N.E.2d 419 (1975) (wife's conviction of voluntary manslaughter in connection with death of husband fell outside specific language of statute barring one convicted of murder from inheriting from victim); *In re Estate of Vadlamudi*, 183 N.J.Super. 342, 443 A.2d 1113 (1982) (woman who killed husband while insane was not one who "intentionally kills" within meaning of statute precluding killer from receiving benefits of decedent's estate).

In view of the foregoing, we conclude that Fuller is a "devisee who ... [killed] the decedent" pursuant to § 15–11–803. Accordingly, the probate court did not err in deeming Fuller to have predeceased his grandmother.

The order is affirmed.

METZGER and REED, JJ., concur.